109. As a direct, proximate and foreseeable result of FMR, FMRC and FDC's breach of the fiduciary duty of loyalty in their role as investment adviser and principal underwriter to Fidelity Funds investors, the Fidelity Funds and the Class have incurred millions of dollars in damages.

110. Plaintiff, in this count, seeks to recover the Rule 12b-1 fees, Soft Dollars, excessive commissions and the management fees charged the Fidelity Funds by FMR, FMRC and FDC.

## COUNT III

### Against The Johnson Family Group. FMR Corp. and the Trustee Defendants (As Control Persons Of FMR, FMRC and FDC) For Violation Of Section 48(a) Of The Investment Company Act By The Class And Derivatively On Behalf Of The Fidelity Funds

111. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

112. This Count is brought pursuant to Section 48(a) of the Investment Company Act against the Johnson Family Group, FMR Corp. and the Trustee Defendants as control persons of FMR, FMRC and FDC, who caused FMR, FMRC and FDC to commit the violations of the Investment Company Act alleged herein. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the misconduct complained of herein are the collective actions of the Johnson Family Group, FMR Corp. and the Trustee Defendants.

113. FMR and FMRC are liable under Section 34(b) of the Investment Company Act to the Class and FMR, FMRC and FDC are liable under Section 36(b) of the Investment Company Act to the Fidelity Funds as set forth herein.

114. The Johnson Family Group, FMR Corp. and the Trustee Defendants were "control persons" of FMR, FMRC and FDC and caused the violations complained of herein. By

virtue of their positions of operational control and/or authority over FMR, FMRC and FDC, the Johnson Family Group, FMR Corp. and the Trustee Defendants directly and indirectly, had the power and authority, and exercised the same, to cause FMR, FMRC and FDC to engage in the wrongful conduct complained of herein.

115. Pursuant to Section 48(a) of the Investment Company Act, by reason of the foregoing, the Johnson Family Group, FMR Corp. and the Trustee Defendants are liable to plaintiff to the same extent as are FMR and FMRC for their primary violations of Section 34(b) and to the same extent as are FMR, FMRC and FDC for their primary violations of Section 36(b) of the Investment Company Act.

116. By virtue of the foregoing, plaintiff and other Class members are entitled to damages against the Johnson Family Group, FMR Corp. and the Trustee Defendants.

## COUNT IV

### Against FMR and FMRC Under Section 215 Of The Investment Advisers Act For Violations Of Section 206 Of The Investment Advisers Act Derivatively On Behalf Of The Fidelity Funds

117. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

118. This Count is based upon Section 215 of the Investment Advisers Act, 15 U.S.C. §80b-15.

119. FMR and FMRC served as "investment advisers" to the Fidelity Funds and plaintiff and other members of the Class pursuant to the Investment Advisers Act.

120. As fiduciaries pursuant to the Investment Advisers Act, FMR and FMRC were required to serve the Fidelity Funds in a manner in accordance with the federal fiduciary standards set forth in Section 206 of the Investment Advisers Act, 15 U.S.C. §80b-6, governing the conduct of investment advisers.

121. During the Class Period, FMR and FMRC breached their fiduciary duties to the Fidelity Funds by engaging in a deceptive contrivance, scheme, practice and course of conduct pursuant to which they knowingly and/or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud upon the Fidelity Funds. As detailed above, FMR and FMRC skimmed money from the Fidelity Funds by charging and collecting fees from the Fidelity Funds in violation of the Investment Company Act and the Investment Advisers Act. The purpose and effect of said scheme, practice and course of conduct was to enrich FMR and FMRC, among other defendants, at the expense of the Fidelity Funds. FMR and FMRC breached their fiduciary duties owed to the Fidelity Funds by engaging in the aforesaid transactions, practices and courses of business knowingly or recklessly so as to constitute a deceit and fraud upon the Fidelity Funds.

122. FMR and FMRC are liable as direct participants in the wrongs complained of herein. FMR and FMRC, because of its position of authority and control over the Fidelity Funds was able to and did control the fees charged to and collected from the Fidelity Funds and otherwise control the operations of the Fidelity Funds.

123. FMR and FMRC had a duty to (1) disseminate accurate and truthful information with respect to the Fidelity Funds; and (2) truthfully and uniformly act in accordance with their stated policies and fiduciary responsibilities to the Fidelity Funds. FMR and FMRC participated in the wrongdoing complained of herein in order to prevent the Fidelity Funds from knowing of FMR and FMRC's breaches of fiduciary duties including: (1) the charging of the Fidelity Funds and Fidelity Funds investors improper Rule 12b-1 marketing fees; (2) making improper undisclosed payments of Soft Dollars; (3) making unauthorized use of "directed brokerage" as a

marketing tool; and (4) charging the Fidelity Funds for excessive and improper commission payments to brokers.

124. As a result of FMR and FMRC's multiple breaches of their fiduciary duties owed to the Fidelity Funds, the Fidelity Funds were damaged.

125. The Fidelity Funds are entitled to rescind their investment advisory contracts with FMR and FMRC and recover all fees paid in connection with their enrollment pursuant to such agreements.

## COUNT V

### Breach Of Fiduciary Duty Against FMR and FMRC On Behalf Of The Class

126. Plaintiff repeats and realleges each of the preceding allegations as though fully set forth herein.

127. As advisers to the Fidelity Funds, FMR and FMRC were fiduciaries to the plaintiff and other members of the Class and were required to act with the highest obligations of good faith, loyalty, fair dealing, due care and candor.

128. As set forth above, FMR and FMRC breached their fiduciary duties to plaintiff and the Class.

129. Plaintiff and the Class have been specially injured as a direct, proximate and foreseeable result of such breach on the part of FMR and FMRC and have suffered substantial damages.

130. Because FMR and FMRC acted with reckless and willful disregard for the rights of plaintiff and other members of the Class, FMR and FMRC are liable for punitive damages in an amount to be determined by the jury.

## COUNT VI

### Breach Of Fiduciary Duty Against The Trustee Defendants On Behalf Of The Class

131. Plaintiff repeats and realleges each of the preceding allegations as though fully set forth herein.

132. As Fidelity Funds trustees, the Trustee Defendants had a fiduciary duty to the Fidelity Funds and Fidelity Funds investors to supervise and monitor FMR, FMRC and FDC.

133. The Trustee Defendants breached their fiduciary duties by reason of the acts alleged herein, including their knowing or reckless failure to prevent FMR, FMRC and FDC from (1) charging the Fidelity Funds and Fidelity Funds investors improper Rule 12b-1 marketing fees; (2) making improper undisclosed payments of Soft Dollars; (3) making unauthorized use of "directed brokerage" as a marketing tool; and (4) charging the Fidelity Funds for excessive and improper commission payments to brokers.

134. Plaintiff and the Class have been specially injured as a direct, proximate and foreseeable result of such breach on the part of the Trustee Defendants and have suffered substantial damages.

135. Because the Trustee Defendants acted with reckless and willful disregard for the rights of plaintiff and other members of the Class, the Trustee Defendants are liable for punitive damages in an amount to be determined by the jury.

## COUNT VII

### Aiding And Abetting A Breach Of Fiduciary Duty Against FMR, FMRC and FDC On Behalf Of The Class

136. Plaintiff repeats and realleges each of the preceding allegations as though fully set forth herein.

45

137.  At all times herein, the broker-dealers that sold Fidelity Funds had fiduciary duties of loyalty to their clients, including plaintiff and other members of the Class.

138.  FMR, FMRC and FDC knew or should have known that the broker-dealers had these fiduciary duties.

139.  By accepting improper Rule 12b-1 fees, Soft Dollars and excessive commissions in exchange for aggressively pushing Fidelity Funds, and by failing to disclose the receipt of such fees, the brokerages breached their fiduciary duties to plaintiff and the other members of the Class.

140.  FMR, FMRC and FDC possessed actual or constructive knowledge that the brokerages were breaching their fiduciary duties, but nonetheless perpetrated the fraudulent scheme alleged herein.

141.  FMR, FMRC and FDC's actions, as described in this complaint, were a substantial factor in causing the losses suffered by plaintiff and the other members of the class. By actively participating in the brokerages' breaches of fiduciary duties, FMR, FMRC and FDC are liable therefor.

142.  As a direct, proximate and foreseeable result of FMR, FMRC and FDC's knowing participation in the brokerages' breaches of fiduciary duties, plaintiff and the Class have suffered damages.

143.  Because FMR, FMRC and FDC acted with reckless and willful disregard for the rights of plaintiff and other members of the Class, FMR, FMRC and FDC are liable for punitive damages in an amount to be determined by the jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff prays for relief and judgment, as follows:

A. Determining that this action is a proper class action and certifying plaintiff as the Class representative and plaintiff's counsel as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. Awarding punitive damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

D. Awarding the Fidelity Funds rescission of their contracts with FMR and FMRC, including recovery of all fees which would otherwise apply, and recovery of all fees paid to FMR and FMRC;

E. Ordering an accounting of all Fidelity Funds-related fees, commissions, and Soft Dollar payments;

F. Ordering restitution of all unlawfully or discriminatorily obtained fees and charges;

G. Awarding such other and further relief as this Court may deem just and proper, including any extraordinary equitable and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict the defendants' assets to assure that plaintiff and the Class have an effective remedy;

H. Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

I.    Such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: July 19, 2004

MOULTON & GANS, P.C

By: _/s/ Nancy Freeman Gans_
Nancy Freeman Gans (BBO #184540)
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
(617) 369-7979

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**
Steven G. Schulman
Janine L. Pollack
Kim E. Levy
Peter E. Seidman
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland 21202
(410) 332-0030

**SCOTT + SCOTT, LLC**
Arthur L. Shingler, III
Wells Fargo Building
401 B Street, Suite 307
San Diego, California 92101
(619) 233-4565

**Counsel for Plaintiff and the Class**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) James Gilliam, etc. v. Fidelity Management and Research Company, et als.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   XX  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   __  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   __  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   __  V.   150, 152, 153.

   04 11600 NG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)   YES   (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?   YES   (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).   (YES)   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Nancy Freeman Gans
ADDRESS   Moulton & Gans, P.C., 33 Broad St., Suite 1100, Boston, MA 02109-4216
TELEPHONE NO.   617-369-7979

(Cover sheet local.wpd - 11/27/00)