## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 04cv11600 (RGS) |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 04cv11642 (RGS) |
| CYNTHIA A. BENNETT and GUY E. MILLER,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 04cv11651 (RGS) |

[Caption continues on next page]

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION FOR CONSOLIDATION OF RELATED CASES**

| | |
|---|---|
| GHASSAN J. AWALI et al., Individually And On Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 04cv11709 (RGS) |
| WILLIAM S. GROESCHEL, Individually And On Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 04cv11735 (RGS) |
| NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, ROSE M. IANNACCONE, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of FIDELITY MAGELLAN AND FIDELITY CONTRAFUND,<br><br>      Plaintiffs,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 04cv11756 (MLW) |

[Caption continues on next page]

| | |
|---|---|
| DAVID O. FALLERT, Individually And On Behalf Of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al., )<br>)<br>Defendants. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04cv11812 (RGS) |

# TABLE OF CONTENTS

                                                          **Page**

INTRODUCTION ...........................................................................................................................1

FACTUAL BACKGROUND ........................................................................................................2

ARGUMENT ..................................................................................................................................3

CONCLUSION……………………………………………………………………………………5

Plaintiffs James Gilliam, Bogatin Family Trust, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert ("Plaintiffs"), by their counsel, hereby move this Court for entry of an Order: (i) consolidating the above-captioned actions, which have all been filed in the District Court of Massachusetts (the "Actions"); and (ii) establishing a briefing schedule regarding a consolidated complaint.

## INTRODUCTION

As of August 31, 2004 there were seven related actions pending in this District. Five of the actions, the *Gilliam, Bogatin Family Trust, Groeschel, Awali et al.* and *Fallert* actions, are brought on behalf of a class of investors in mutual funds belonging to the Fidelity Investments ("Fidelity") family of mutual funds (the "Fidelity Funds"), and derivatively on behalf of the Fidelity Funds, against the Fidelity Funds investment advisers, the Fidelity Funds principal underwriter, the investment advisers' and underwriters' corporate parents and the Fidelity Funds trustees during class periods beginning July 16, 1999 and ending November 17, 2003 (the "Class Actions"). The other two actions, the *Bennett et al.* and *Haugen et al.* actions, are similarly brought against Fidelity Management and Research Company and FMR Co., Incorporated.

The Class Actions allege a variety of claims, specifically violations of §§ 34(b), 36(b) and 48(a) of the Investment Company Act of 1940 (the "Investment Company Act"), violations of §§ 206 and 215 of the Investment Advisers Act of 1940 (the "Investment Advisers Act"), breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty. Similarly, *Bennett et al.* and *Haugen et al.* assert claims against Fidelity Management and Research Company and FMR Co., Inc. and contain the same claims as the Class Actions, specifically violations of § 36(b) of the Investment Company Act and breaches of fiduciary duty. Counsel for the Class

Actions have agreed to have their cases consolidated, and *Bennett et al.* and *Haugen et al.* should also be consolidated in order to best serve judicial economy, and avoid unnecessary costs or delay.

## FACTUAL BACKGROUND

The Actions allege that, although the amount of assets held by the Fidelity Funds has increased dramatically over time, the defendants in the above-captioned actions (the "Defendants") failed to pass on the resulting economies of scale to plaintiffs, and have instead retained the excess profits resulting from the economies of scale.  The Actions further allege that the Fidelity investment advisers named as defendants ("Investment Adviser Defendants") breached their duties to the Fidelity Funds and Fidelity investors by drawing upon the assets of the Fidelity Funds to pay the Defendants excessive commissions in exchange for which Defendants received and retained fallout benefits such as "Soft Dollars."

The Actions also allege that Fidelity paid excessive commissions to broker-dealers, under the guise of Soft Dollars, in exchange for Defendants routing security transaction orders and other business to the broker-dealer, or some other form of rebate or kickback.  The purpose of these payments and Fidelity's directing brokerage business to firms that favored Fidelity Funds was to induce the brokers to steer their clients to Fidelity Funds.  Such payments and directed-brokerage payments were used to fund sales contests and other undisclosed financial incentives to push Fidelity Funds.  These incentives created an undisclosed conflict of interest and caused brokers to steer clients to Fidelity Funds regardless of the funds' investment quality relative to other investment alternatives, and thereby breached their duties of loyalty.  Not only were none of the benefits passed on to shareholders, but the payments were being made by the Funds and the Plaintiffs out of their hard-earned money.

## ARGUMENT

## THE ACTIONS SHOULD BE CONSOLIDATED

Consolidation is appropriate when there is "a common question of law or fact pending before the Court." Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990); *Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989, 2003 U.S. Dist. LEXIS 10348, at *6-9 (S.D.N.Y. June 17, 2003) (Batts, J.).

The standard under Rule 42(a) is clearly met here. The Complaints[1] allege that substantially the same defendants unlawfully and deceitfully charged mutual fund investors excessive fees that allowed such defendants to reap millions of dollars in profits. More specifically, the Complaints allege that the Investment Adviser Defendants authorized the payment from fund assets of excessive commissions to broker-dealers in exchange for either preferential marketing services, Soft Dollars, or some form of rebate or kickback, and that such payments were in breach of their fiduciary duties, in violation of Section 12(b) of the Investment Company Act, and unprotected by any "safe harbor."

The Complaints also allege that the Investment Adviser Defendants directed brokerage payments to firms that favored Fidelity Funds, which was a form of marketing that was not disclosed. These payments were paid for by the Fund and the Plaintiffs' hard earned money, for which they ultimately received no benefit. They were also made in violation of Section 12 of the Investment Company Act because, among other reasons, the plans were not properly evaluated

---

[1] The term "Complaints" is defined herein as the complaints filed in *Gilliam v. Fidelity Management and Research Company, et al.*, No. 04-11600 (D. Mass.), *Bogatin Family Trust v. Fidelity Management and Research Company, et al.*, No. 04-11642 (D. Mass.), *Bennett et al. v. Fidelity Management and Research Company, et al.*, No. 04-11651 (D. Mass.), *Awali et al. v. Fidelity Management and Research Company, et al.*, No. 04-11709 (D. Mass.), *Groeschel v. Fidelity Management and Research Company, et al.*, No. 04-11735 (D. Mass.), *Haugen et al. v. Fidelity Management and Research Company, et al.*, No. 04-11756 (D. Mass.), and *Fallert v. Fidelity Management and Research Company, et al.*, No. 04-11812 (D. Mass.).

by the Trustee Defendants and there was not a reasonable likelihood that the plans would benefit the company and its shareholders.

The Actions also allege that the defendants improperly used Soft Dollars and/or excessive commissions paid from Fidelity Funds assets to pay for overhead expenses, or received such benefits in the form of rebates or kickbacks. These costs should have been borne by Fidelity and not Fidelity investors. The Actions also allege that the fees paid to the defendants by individual investors are much higher than those paid by institutional and other clients, despite the fact that the Funds receive similar services, and therefore could not have been the product of arms' length negotiations. The Complaints further allege that the Trustee Defendants had failed to satisfy their duties under the Investment Company Act and that, as a consequence, were able to systematically skim millions and millions of dollars from the Fidelity Funds. The Complaints similarly allege that the defendants failed to disclose the substance of such allegations. Therefore, consolidation of the Actions is appropriate.

## **CONCLUSION**

For the foregoing reasons, this Court should consolidate the Actions.

Dated:   September 1, 2004                    Respectfully submitted,

**MOULTON & GANS, P.C.**


By:  /s/ Nancy Freeman Gans
       Nancy Freeman Gans (BBO #184540)
33 Broad Street, Suite 1100
Boston, Massachusetts  02109-4216
(617) 369-7979

*Counsel for Plaintiffs James Gilliam, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Liaison Counsel*


**MILBERG WEISS BERSHAD
   & SCHULMAN LLP**
Steven G. Schulman
Janine L. Pollack
Kim E. Levy
Michael R. Reese
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*

5

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
(212) 687-7230

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Tri-Lead Counsel*

**SCOTT + SCOTT, LLC**
Arthur L. Shingler, III
Wells Fargo Building
401 B Street, Suite 307
San Diego, California  92101
(619) 233-4565

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center - Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

*Counsel for Plaintiff James Gilliam*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania  19004
(610) 667-7706

*Counsel for Plaintiff Bogatin Family Trust*

**GILMAN AND PASTOR, LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850

*Counsel for Plaintiff Bogatin Family Trust*

**WEISS & YOURMAN**
Joseph H. Weiss
Richard A. Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert*

**CERTIFICATE OF SERVICE**

    I, Daniel P. Dietrich, hereby certify that I served a copy of the foregoing document upon counsel for all parties by mailing a copy of same, postage prepaid, to each attorney of record, this 1st day of September, 2004.

                                                   /s/ Daniel P. Dietrich
                                                   Daniel P. Dietrich