# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>Defendants. | Civil Action No. 04cv11600 (RGS) |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>Defendants. | Civil Action No. 04cv11642 (RGS) |
| CYNTHIA A. BENNETT and GUY E. MILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>Defendants. | Civil Action No. 04cv11651 (RGS) |

[Caption continues on next page]

**PLAINTIFFS' RESPONSE TO**
**THE COURT'S NOTICE OF POTENTIAL CONFLICT**

| | |
|---|---|
| GHASSAN J. AWALI et al., Individually And On Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>      Defendants. | Civil Action No. 04cv11709 (RGS) |
| WILLIAM S. GROESCHEL, Individually And On Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>      Defendants. | Civil Action No. 04cv11735 (RGS) |
| NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, ROSE M. IANNACCONE, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of FIDELITY MAGELLAN AND FIDELITY CONTRAFUND,<br><br>      Plaintiffs,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>      Defendants. | Civil Action No. 04cv11756 (MLW) |

[Caption continues on next page]

| | |
|---|---|
| DAVID O. FALLERT, Individually And On Behalf Of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>                            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04cv11812 (RGS) |

Plaintiffs respectfully submit this memorandum in response to the questions posed in the Court's Disclosure of Potential Conflict dated October 13, 2004.  While Plaintiffs are confident that Your Honor would fairly and equitably preside over this action, as discussed more fully below, based on the statute and relevant case law, recusal appears mandatory in the present circumstances.  The only exception would be if there were no judge in this District without an interest in the Fidelity Funds.  If that is so, then under the "rule of necessity," Your Honor would be permitted to retain the case.

Under 28 U.S.C. Section 455(b)(4), a judge "shall [ ] disqualify himself" when "[h]e knows that he, individually or as a fiduciary, or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."  Your Honor has disclosed a direct or indirect interest in seven Fidelity Funds.  This constitutes a financial interest that implicates Section 455(b)(4).  *See* 28 U.S.C. § 455(d)(4) ("'financial' interest means ownership of a legal or equitable interest, however small").  As a result, recusal appears required.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861 (1988) ("Most importantly, § 455(b)(4) requires disqualification no matter how insubstantial the financial interest and regardless of whether or not the interest actually creates an appearance of impropriety.").

There are exceptions to the definition of a financial interest requiring recusal, but none of those exceptions appears applicable here.  One exception is under Section 455(d)(4)(iii):  "The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a 'financial interest' in the organization only if the outcome of the proceeding could substantially affect the value of the interest."  28 U.S.C. § 455(d)(4)(iii).  While this exception potentially applies under the theory that ownership

in a mutual fund is a proprietary interest, the exception is inapplicable because this proceeding could "substantially affect the value of [Your Honor's] interest" in the Fidelity Funds. Plaintiffs seek both direct and derivative recovery for shareholders of all Fidelity Funds. As Your Honor, and the Fidelity Funds in which Your Honor has an interest, would presumably receive a monetary benefit if Plaintiffs prevail in this litigation, the value of Your Honor's interests in the Fidelity Funds would be "substantially affected" within the meaning of Section 455(d)(4)(iii).

Plaintiffs, however, are concerned that the conflict affecting Your Honor may similarly affect other members of the Court. Under the "rule of necessity," in the event that an alternative judge is not available, recusal is not necessary. *See Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825 (1986) ("In the first place, accepting appellant's expansive contentions might require the disqualification of every judge in the State. If so, it is possible that under a 'rule of necessity' none of the judges or justices would be disqualified."); *United States v. Will*, 449 U.S. 200, 213-16 (1980) (under the rule of necessity, "although a judge had better not, if it can be avoided, take part in the decision of a case in which he has any personal interest, yet he not only may but must do so if the case cannot be heard otherwise"). In the event that there is not a judge without a conflict, the rule of necessity would apply and Your Honor can retain this action.

Regarding the Court's second question, if there were no personal financial consequences contingent on the outcome of the case, Your Honor's impartiality would not be questioned. *See Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 11 (1st Cir. 1981) ("The mere association of a judge with a party, without indication that the judge stands to obtain financial or other gain from a particular outcome, may similarly be insufficient to mandate disqualification."). Under Section 455(a), a judge's partiality may be questioned if it appears that the judge has knowledge of facts which would give him an interest in the litigation, *see*

*Liljeberg*, 486 U.S. at 860 (*citing Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796 at 802 (5th Cir. 1986)), or if there is a personal bias or prejudice concerning a party. *See United States v. Brown*, 539 F.2d 467, 469-70 (5th Cir. 1976). There has been no suggestion that Your Honor possesses any facts or opinions that would affect your impartiality. Even if a question of impartiality under Section 455(a) arose, the parties, after full disclosure, would be in a position to agree to a waiver of the disqualification. *See* 28 U.S.C. § 455(e).

## CONCLUSION

For all of the foregoing reasons, recusal appears mandatory unless there is no other judge who can hear the case. In that event, this action may be retained by the Court.


Dated:   November 5, 2004           Respectfully submitted,

                                    **MOULTON & GANS, P.C.**


                                    By: /s/ Nancy Freeman Gans
                                        Nancy Freeman Gans (BBO #184540)
                                    33 Broad Street, Suite 1100
                                    Boston, Massachusetts  02109-4216
                                    (617) 369-7979

                                    *Counsel for Plaintiffs James Gilliam, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Liaison Counsel*

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Levy
Michael R. Reese
One Pennsylvania Plaza
New York, New York  10119-0165
(212) 594-5300

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*


**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
(212) 687-7230

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Tri-Lead Counsel*


**SCOTT + SCOTT, LLC**
Arthur L. Shingler, III
Wells Fargo Building
401 B Street, Suite 307
San Diego, California  92101
(619) 233-4565

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center - Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

*Counsel for Plaintiff James Gilliam*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania  19004
(610) 667-7706

*Counsel for Plaintiff Bogatin Family Trust*

**GILMAN AND PASTOR, LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850

*Counsel for Plaintiff Bogatin Family Trust*

**WEISS & YOURMAN**
Joseph H. Weiss
Richard A. Acocelli
551 Fifth Avenue, Suite 1600
New York, New York  10176
(212) 682-3025

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert*

### CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party on November 5, 2004.

/s/ Nancy Freeman Gans
Nancy Freeman Gans

6