# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 04cv11600 (NG)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 04cv11642 (NG)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| GHASSAN J. AWALI et al., Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 04cv11709 (JLT)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

[caption continues on next page]

## FIDELITY DEFENDANTS' RESPONSE TO NOTICE OF PENDING MOTIONS IN RELATED CASES

| | |
|---|---|
| WILLIAM S. GROESCHEL, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 04cv11735 (GAO) ) |
| vs. | ) ) |
| FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al., | ) ) ) |
| Defendants. | ) ) |
| DAVID O. FALLERT, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 04cv11812 (JLT) ) |
| vs. | ) ) |
| FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al., | ) ) ) |
| Defendants. | ) ) |

Defendants Fidelity Management & Research Company ("FMRCo"), FMR Co., Inc. ("FMRC"), FMR Corp., Fidelity Distributors Corporation, Edward C. Johnson 3d, Abigail P. Johnson, Edward C. Johnson IV, Elizabeth L. Johnson, Peter S. Lynch, Laura B. Cronin, Robert L. Reynolds, Robert C. Pozen, and J. Gary Burkhead (the "Fidelity Defendants") submit this Response to the Notice of Pending Motions in Related Cases (the "Notice") filed on November 17, 2004 by plaintiffs in the above-captioned cases. Those plaintiffs filed the Notice both in the above-captioned cases and in two other cases to which they are not parties: *Bennett et al. v. FMRCo et al.*, 04cv11651 (MLW) and *Haugen et al. v. FMRCo et al.*, 04 cv 11756 (MLW).

The Notice suggests that the five above-captioned cases and the *Bennett* and *Haugen* cases are "related." They are not. In response to the Notice, the Fidelity Defendants wish to bring the following to the Court's attention.

First, the Notice was filed only by plaintiffs in the five above-captioned cases, not by plaintiffs in the *Bennett* and *Haugen* cases, and it does not reflect consent on the part of plaintiffs in the *Bennett* and *Haugen* cases.

Second, the motion for appointment of lead counsel and the motion for consolidation, which the Notice describes as "related to all seven cases [and] currently pending in the lowest numbered case [*Gilliam*, 04cv11600]," were filed by plaintiffs in the five above-captioned cases and have been opposed by other parties to all seven lawsuits, including plaintiffs in *Bennett* and *Haugen*.

Third, the seven cases identified by the Notice are not all related. They fall into two completely distinct groups. The first group consists of the five above-captioned cases: *Gilliam* and four cases subsequently filed with related-case statements—*Bogatin*, *Awali*, *Groeschel* and

*Fallert*. These five cases were all assigned to Judge Stearns until his recent recusal, after which they were reassigned (two to Judge Gertner, one to Judge O'Toole and two to Judge Tauro). These five cases are virtually identical to one another and have been referred to by the Fidelity Defendants in previous filings as the "Revenue Sharing" cases. The second group consists of *Bennett* and *Haugen*. These cases were assigned to Judge Wolf pursuant to a Local Rule 40.1(I) motion by defendants FMRCo and FMRC (the sole defendants in *Bennett* and *Haugen*). These cases are virtually identical to one another and have been referred to by the Fidelity Defendants in previous filings as the "Excessive Management Fee" cases.

Fourth, the two groups of cases are entirely distinct from one another. The Excessive Management Fee cases allege that defendants FMRCo and FMRC charged excessive management fees to investors in five specific Fidelity mutual funds, in violation of § 36(b) of the Investment Company Act of 1940. The Revenue Sharing cases allege a variety of class and derivative claims relating to mutual fund distribution practices, asserted under an assortment of state and federal laws, purportedly on behalf of more than 200 Fidelity mutual funds, against 25 named defendants. Plaintiffs in the Revenue Sharing cases have filed in *Gilliam* a motion to consolidate all seven cases – that is, to consolidate the five Revenue Sharing cases previously pending before Judge Stearns and the two Excessive Management Fee cases now pending before Judge Wolf. All other parties in all of the cases have opposed this motion – including plaintiffs in each of *Bennett* and *Haugen*; defendants in *Bennett* and *Haugen*; and the Fidelity Defendants, the non-interested trustee defendants, and the more than 200 funds named as nominal defendants in the Revenue Sharing cases. This motion is pending.[1]

---

[1] For a complete discussion of the substantial factual, legal and procedural differences between the Excessive Management Fee and Revenue Sharing cases, the Fidelity Defendants respectfully direct the Court's attention to the aforementioned opposition papers, which may be found at *Gilliam* docket nos. 11-14 and *Bennett* docket no. 9.

2

Fifth, only plaintiffs in *Gilliam* and the other Revenue Sharing cases seek to consolidate all seven cases, as well as to be named lead plaintiffs in all of them. All other parties take the position that the Excessive Management Fee and Revenue Sharing groups of cases should remain separate, and that the cases within each group should be consolidated among themselves for case management and adjudication. To accomplish that result, the Excessive Management Fee cases should remain assigned to Judge Wolf and the Revenue Sharing cases should be assigned to a single judge, as they were before Judge Stearns' recusal.

Respectfully submitted,

/s/ James S. Dittmar
James S. Dittmar, P.C. (BBO# 126320)
John O. Farley (*pro hac vice*)
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: 617.570.1000

James N. Benedict (*pro hac vice*)
C. Neil Gray (*pro hac vice*)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Tel: 212.530.5000

*Attorneys for Defendants Fidelity Management & Research Company, FMR Co., Inc., FMR Corp., Fidelity Distributors Corporation, Edward C. Johnson 3d, Abigail P. Johnson, Edward C. Johnson IV, Elizabeth L. Johnson, Peter S. Lynch, Laura B. Cronin, Robert L. Reynolds, Robert C. Pozen, and J. Gary Burkhead.*

Dated: November 19, 2004

LIBA/1433026.1