James S. Dittmar, P.C.  
617.570.1944  
jdittmar@goodwinprocter.com

Goodwin Procter LLP  
Counsellors at Law  
Exchange Place  
Boston, MA 02109  
T: 617.570.1000  
F: 617.523.1231

November 29, 2004

By CM/ECF

Hon. Marianne B. Bowler  
Chief Magistrate Judge  
United States District Court  
   for the District of Massachusetts  
John Joseph Moakley U.S. Courthouse, Suite 8420  
1 Courthouse Way  
Boston, MA 02210

Re:   *Gilliam v. Fidelity Management & Research Co., et al.*, 04-11600 (NG)  
      *Bogatin Family Trust v. Fidelity Management & Research Co., et al.*, 04-11642 (NG)

Dear Magistrate Judge Bowler:

We are counsel to defendants Fidelity Management & Research Company, FMR Co., Inc., FMR Corp., Fidelity Distributors Corporation, and certain individual defendants (collectively, the "Fidelity Defendants"), in the above-captioned cases. I am writing to provide your Honor with procedural background information relating to these cases, which are currently assigned to Judge Gertner. Your Honor has scheduled a status conference in these cases for December 3, 2004.

The Five Related Revenue Sharing Cases

The *Gilliam* and *Bogatin* cases referenced above are two of five cases pending in the District of Massachusetts that all parties agree are related. The other three related cases are: *Fallert v. Fidelity Management & Research Co. et al.*, 04-11812 (MLW); *Awali et al. v. Fidelity Management & Research Co. et al.*, 04-11709 (MLW); and *Groeschel v. Fidelity Management & Research Co. et al.*, 04-11735 (GAO). All five of these cases allege a variety of class and derivative claims under state and federal law relating to mutual fund distribution practices. The actions purportedly are brought on behalf of more than 200 Fidelity mutual funds against 25 named defendants. Many of the allegations in these five cases are verbatim identical. They were designated as related to one another when first filed.

All five of these cases, which have been referred to in previous filings as the "Revenue Sharing" cases, were originally assigned to Judge Stearns. On November 8, 2004, Judge Stearns recused

Hon. Marianne B. Bowler
November 29, 2004
Page 2

himself, and the cases were reassigned as follows: *Gilliam* and *Bogatin* to Judge Gertner; *Fallert* and *Awali* to Judge Wolf; and *Groeschel* to Judge O'Toole.[1]

The Two Related Excessive Management Fee Cases

There are two other cases pending in this District which relate to Fidelity mutual funds, but involve entirely different parties, legal claims and fact allegations. These two cases – *Bennett et al. v. Fidelity Management & Research Co. et al.*, 04-11651 (MLW) and *Haugen et al. v. Fidelity Management & Research Co. et al.*, 04-11756 (MLW) – have been referred to in previous filings as "Excessive Management Fee" cases. These two cases were assigned to Judge Wolf as related cases under Local Rule 40.1(I).

Both the plaintiffs and the defendants in the Excessive Management Fee cases have argued that these two actions have nothing to do with the Revenue Sharing cases. For example, these cases were brought by different plaintiffs against only two defendants, and they make allegations on behalf of only five Fidelity mutual funds. The cases pursue relief under a single statutory provision – Section 36(b) of the Investment Company Act of 1940 – alleging that Fidelity breached its fiduciary duty by charging excessive management fees during the one year prior to suit.

The Motion to Consolidate the Revenue Sharing and Excessive Management Fee Cases

On September 1, 2004, plaintiffs in the five Revenue Sharing cases filed a motion to consolidate the five Revenue Sharing cases with one another *and* with the two Excessive Management Fee cases. They also moved to be appointed lead plaintiff and counsel in all seven cases. All other parties, including all defendants and plaintiffs in the *Bennett* and *Haugen* cases, have opposed the motion to consolidate these two types of cases.

The motion to consolidate was fully briefed prior to Judge Stearns' recusal. Following reassignment of these cases, the Revenue Sharing case plaintiffs filed notices of their pending motion to consolidate in all seven cases. To date, the Fidelity Defendants, plaintiffs in the *Bennett* case and plaintiffs in the *Haugen* case have filed responses noting their previous opposition to consolidation of the Revenue Sharing cases with the Excessive Management Fee cases. The several oppositions to the motion to consolidate are in the files of the *Gilliam* case, except for the opposition filed by the *Bennett* plaintiffs, which is in the files of the *Bennett* case.

---

[1] The *Fallert* and *Awali* cases were originally reassigned to Judge Tauro, but on November 18, 2004 he also recused himself and the cases were then reassigned to Judge Wolf.

Hon. Marianne B. Bowler
November 29, 2004
Page 3

I trust that the foregoing will be of use to your Honor in proceeding with case management in *Gilliam* and *Bogatin*.

Respectfully submitted,

/s/ James S. Dittmar

James S. Dittmar, P.C.

JSD:

cc:    Hon. Nancy Gertner
       All counsel of record


LIBA/1436052.1