UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>                    Defendants. | Civil Action No. 04cv11600 (NG) |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>                    Defendants. | Civil Action No. 04cv11642 (NG) |

**FIDELITY DEFENDANTS' MOTION FOR CONSOLIDATION
AND SEVERANCE OF CLAIMS,
MEMORANDUM, AND REQUEST FOR ORAL ARGUMENT**

The "Fidelity Defendants"[1] move:

    (i) to consolidate the above-captioned cases with three identical cases, *Awali v. FMRCo,* 04-cv-11709 (MLW), *Fallert v. FMRCo,* 04-cv-11812 (MLW), and *Groeschel v. FMRCo.*, 04-cv-11735 (GAO);

---

[1] Fidelity Management & Research Company ("FMRCo"), FMR Co., Inc., FMR Corp., Fidelity Distributors Corporation, Edward C. Johnson 3d, Abigail P. Johnson, Edward C. Johnson IV, Elizabeth L. Johnson, Peter S. Lynch, Laura B. Cronin, Robert L. Reynolds, Robert C. Pozen, and J. Gary Burkhead.

1

(ii) to sever any claim in the foregoing five cases asserting that management fees paid by Fidelity mutual funds are excessive in violation of section 36(b) of the Investment Company Act of 1940 (the "ICA") because those fees are allegedly so disproportionately large that they bear no reasonable relationship to the services rendered; and

(iii) to transfer any such severed claim to Judge Wolf for consolidation with *Bennett v. FMRCo,* 04-cv-11651 (MLW) and *Haugen v. FMRCo*, 04-cv-11756 (MLW).

As grounds for this motion, the Fidelity Defendants state:

1. The foregoing seven cases relate to Fidelity Investments mutual funds. They fall into two discrete groups.

(a) The first set of two cases (*Bennett* and *Haugen*) assert identical claims of breach of fiduciary duty in violation of section 36(b) of the ICA on the ground that the management fees charged to certain Fidelity mutual funds are excessive overall because they are "so disproportionately large that they bear no reasonable relationship to the services rendered," *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928 (2d Cir. 1982). (These cases are referred to as the "Excessive Management Fee" cases.) The two Excessive Management Fee cases were originally commenced in other districts prior to the filing of any cases in this District. These cases are assigned to Judge Wolf as related cases, and defendants will seek their consolidation by Judge Wolf.

(b) The second set of five cases (*Gilliam*, *Bogatin*, *Awali*, *Fallert* and *Groeschel*) assert identical claims relating to the Fidelity Defendants' alleged payments to or other compensation of broker-dealers in connection with those broker-dealers' sales of Fidelity mutual fund shares. (These cases are referred to as the "Revenue Sharing" cases.) The Revenue

Sharing cases were originally assigned to Judge Stearns as related cases but were reassigned, following Judge Stearns' recusal, to your Honor, Judge Wolf and Judge O'Toole.

2. The Excessive Management Fee cases assert that mutual fund management fees are excessive overall because they are disproportionately large in relation to the services rendered. (See, e.g., *Bennett* Compl. (July 23, 2004) ¶¶ 120, 124.)[2] These claims are commonly called "Gartenberg claims" because they are based upon the construction of section 36(b) established by the *Gartenberg* case, 694 F.2d 923, and its progeny. In a Gartenberg claim, the alleged excessiveness of the fee constitutes the claimed breach of fiduciary duty. That is, the claim is based upon the *magnitude of fees in relation to services rendered*. By contrast, the Revenue Sharing cases assert a variety of claims under the ICA, the Investment Advisers Act of 1940 and common law based upon *brokerage* practices. While the complaints in the Revenue Sharing cases assert that certain fees charged to Fidelity mutual funds are improper, those complaints do not allege Gartenberg claims; that is, they do not claim that the amount of the fees is, in itself, a breach of fiduciary duty because the fees are allegedly disproportionate to the services that the funds receive. Instead, the Revenue Sharing complaints assert that Fidelity mutual funds paid certain fees that were improper because those fees were the consequence of unlawful, or improperly disclosed, dealings between Fidelity and broker-dealers. Thus, the Revenue Sharing complaints allege that defendants

> violated Section 36(b) by improperly charging investors in the Fidelity Funds purported Rule 12b-1 marketing fees, and by drawing on the Fidelity Funds assets to make undisclosed

---

[2] "[Defendants] have breached and continue to breach their ICA §36(b) fiduciary duty to the Funds by charging and retaining these excessive fees . . . [and] [i]n charging and receiving excessive advisory fees, and failing to put the interests of the Funds, Plaintiffs and the Funds' other shareholders ahead of their own interests, Defendants breached their statutory fiduciary duties to the Funds and Plaintiffs." *Id.* Counts I and II.

3

payments [to broker-dealers] of Soft Dollars and excessive commissions, as defined herein, in violation of Rule 12b-1.[3]

3.  Plaintiffs in the Revenue Sharing cases have moved to consolidate the Revenue Sharing cases with the Excessive Management Fee cases. (They also seek appointment of their counsel as lead counsel in all seven cases.) All other parties oppose this omnibus consolidation on the grounds that the two groups of cases present different parties, claims, controlling legal principles, underlying facts, evidentiary bases and relief. In addition, the two groups of cases cover different periods of time and present different procedural issues—including issues relating to motions to dismiss, class certification, derivative suit requirements and right to trial by jury.[4] Indeed, in considering the consolidation and severance motions, the Fidelity Defendants respectfully urge the Court to do one very straightforward analysis—read the *Gilliam* and *Bennett* complaints side-by-side. In short, due to fundamental differences between the two groups of cases, judicial economy and fairness to the litigants will not be served by their consolidation.

---

[3]  *Gilliam* Compl. (July 19, 2004) Count II, ¶107.

[4]  There has been extensive briefing on this motion, which was filed in *Gilliam*, as the case having the lowest docket number in the District, notwithstanding the prior filing of *Bennett* and *Haugen* in other districts. That briefing includes:

1.  *Gilliam* Plaintiffs' Memorandum in Support of their Motion, Sep. 1, 2004, *Gilliam* Docket No. 7.
2.  Letter-opposition of *Bennett* Plaintiffs, Sep. 15, 2004, *Bennett* Docket no. 9.
3.  Opposition of the Independent Trustee Defendants, Oct. 7, 2004, *Gilliam* Docket No. 11.
4.  Opposition of the *Haugen* Plaintiffs, Oct. 7, 2004, *Gilliam* Docket No. 12.
5.  Opposition of the Fidelity Defendants, Oct. 7, 2004, *Gilliam* Docket No. 13.
6.  Opposition of the Nominal Defendant Fidelity Funds, Oct. 8, 2004, *Gilliam* Docket No. 14.
7.  *Gilliam* Plaintiffs' Memorandum in Further Support, Dec. 2, 2004, *Gilliam* Docket No. 66.
8.  *Haugen* Plaintiffs' Sur-reply, Dec. 20, 2004, *Gilliam* Docket No. 69.

4. On December 2, 2004, the *Gilliam* plaintiffs filed a memorandum in further support of their consolidation motion. This recent brief argues that the Revenue Sharing cases assert the same Gartenberg claims as are asserted in the Excessive Management Fee cases. While the complaints themselves clearly demonstrate the differences between the two groups of cases, the *Gilliam* brief indicates that the Revenue Sharing plaintiffs wish to enlarge their claims to encompass the same claims that are asserted by the Excessive Management Fees complaints. This apparent desire to expand the scope of the Revenue Sharing cases to include excessive fee claims should, as a matter of judicial economy, be addressed at this time, because duplicative litigation of excessive management fee claims must be avoided. However, omnibus consolidation of all cases is not the answer. To the contrary, the Excessive Management Fee and Revenue Sharing cases each in their own right present highly complex fact and legal issues, and their consolidation would not only tax the resources of the Court; it would also present the risk of substantial prejudice, unnecessary complication, confusion and delay.

5. Accordingly, for reasons of judicial efficiency and fairness to the litigants, the five Revenue Sharing cases should be consolidated before your Honor, and the two Excessive Management Fee cases should remain before Judge Wolf. Should the Revenue Sharing plaintiffs seek to assert Gartenberg claims in the Revenue Sharing cases either now or, pursuant to pleading amendment or otherwise, in the future, any claim that any of the Fidelity mutual funds has paid excessive management fees in violation of section 36(b) of the ICA should be severed and transferred to Judge Wolf.

## REQUEST FOR ORAL ARGUMENT

The Fidelity Defendants request oral argument on this motion and reiterate their earlier Request for Oral Argument on plaintiffs' motion to consolidate.

                Respectfully submitted,

                /s/ James S. Dittmar
                James S. Dittmar, P.C. (BBO# 126320)
                John O. Farley (*pro hac vice*)
                Goodwin Procter LLP
                Exchange Place
                53 State Street
                Boston, Massachusetts 02109
                Tel: 617.570.1000

                James N. Benedict (*pro hac vice*)
                C. Neil Gray (*pro hac vice*)
                Sean M. Murphy *(pro hac vice)*
                Milbank, Tweed, Hadley & McCloy LLP
                1 Chase Manhattan Plaza
                New York, New York 10005
                Tel: 212.530.5000

                *Attorneys for Defendants Fidelity Management & Research Company, FMR Co., Inc., FMR Corp., Fidelity Distributors Corporation, Edward C. Johnson 3d, Abigail P. Johnson, Edward C. Johnson IV, Elizabeth L. Johnson, Peter S. Lynch, Laura B. Cronin, Robert L. Reynolds, Robert C. Pozen, and J. Gary Burkhead*

Dated: December 22, 2004

## LOCAL RULE 7.1(A)(2) CERTIFICATION

      I, James S. Dittmar, hereby certify that counsel for Fidelity Defendants conferred with opposing counsel in an effort to resolve or narrow the issues presented in this motion prior to filing, but was unable to do so.

                                     /s/ James S. Dittmar _____
                                     James S. Dittmar

LIBA/1441056.1