**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 04cv11600 (RGS) |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 04cv11642 (RGS) |
| CYNTHIA A. BENNETT and GUY E. MILLER,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 04cv11651 (RGS) |

[Caption continues on next page]

**MOTION TO STRIKE THE *HAUGEN* PLAINTIFFS' MOTION FOR LEAVE
TO FILE SUR-REPLY AND THE *HAUGEN* PLAINTIFFS' [PROPOSED]
SUR-REPLY IN OPPOSITION TO MOTIONS FOR CONSOLIDATION
<u>AND APPOINTMENT OF TRI-LEAD AND LIAISON COUNSEL</u>**

| | |
|---|---|
| GHASSAN J. AWALI et al., Individually And On Behalf Of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>              Defendants. | Civil Action No. 04cv11709 (RGS) |
| WILLIAM S. GROESCHEL, Individually And On Behalf Of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>              Defendants. | Civil Action No. 04cv11735 (RGS) |
| NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, ROSE M. IANNACCONE, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of FIDELITY MAGELLAN AND FIDELITY CONTRAFUND,<br><br>              Plaintiffs,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>              Defendants. | Civil Action No. 04cv11756 (MLW) |

[Caption continues on next page]

| | |
|---|---|
| DAVID O. FALLERT, Individually And On Behalf Of All Others Similarly Situated,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,  )<br>)<br>Defendants.  ) | Civil Action No. 04cv11812 (RGS) |

Plaintiffs James Gilliam, Bogatin Family Trust, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert (the "*Gilliam* Plaintiffs") hereby move to strike the *Haugen* Plaintiffs' Motion for Leave to File Sur-Reply and the *Haugen* Plaintiffs' [Proposed] Sur-Reply in Opposition to Motions for Consolidation and Appointment of Tri-Lead and Liaison Counsel.[1]

The *Haugen* Plaintiffs' [Proposed] Sur-Reply comes after a motion for consolidation of seven cases (the "*Gilliam* Consolidation Motion") has been fully briefed. The *Haugen* Plaintiffs' attempt at serial briefing to get another submission before the Court should be denied. The *Haugen* Plaintiffs have already filed a comprehensive opposition to the *Gilliam* Consolidation Motion. The *Gilliam* Plaintiffs then filed a Reply Brief that was tailored to the arguments raised by *Haugen*, and other parties, in opposition to consolidation. As the moving party, the *Gilliam* Plaintiffs were entitled to rebut the arguments made against consolidation. The time for introducing arguments in opposition to consolidation has passed. Simply put: enough is enough. The *Haugen* Plaintiffs' [Proposed] Sur-Reply should be stricken.[2]

---

[1] By moving to strike *Haugen's* [Proposed] Sur-Reply, the *Gilliam* Plaintiffs do not waive any right to respond to the substantive issues raised in the motion.

[2] A reading of the 17-page [Proposed] Sur-Reply demonstrates that it is no more than a re-hash of the arguments *Haugen* has already made in its prior brief. Moreover, to the extent *Haugen* claims some sort of kudos are in order because these Plaintiffs have sued the two largest Fidelity Funds, it should be noted that the *Gilliam* Plaintiffs also have Section 36(b) claims against, and clients who invested in, these same two Funds (plus 30 more funds). Accordingly, this whole argument is spurious. So, too, is the argument that the *Gilliam* Plaintiffs' counsel copied the work of the *Haugen* Plaintiffs' counsel. Since October 2003, the *Gilliam* Plaintiffs' counsel have filed some 23 other similar excessive fee cases. This is long before the *Haugen* Plaintiffs' counsel filed this case or any other excessive fee case. In fact, the large number of such similar cases in which the *Gilliam* Plaintiffs' counsel has already been appointed as lead counsel further demonstrates they are well-suited to be lead counsel here.

In addition, the *Haugen* Plaintiffs make arguments about the method by which they intend to prove that Defendants charged their two Fidelity Funds and their shareholders excessive fees – by comparing these fees to "the fees Fidelity charged to other institutional investors and to other [smaller] Fidelity Funds." [Proposed] Sur-Reply at 9.  They then leap to the (illogical) conclusion that this creates a conflict for *Gilliam* because the *Gilliam* actions purport to include these smaller Fidelity Funds.  *Id.*  This argument would require the Court to accept at this early stage of the case that *Haugen's* method for proving a Section 36(b) claim is proper.  This is premature, particularly on an empty factual record.  It is nonsensical for *Haugen* to argue that the way in which it will attempt to prove its case somehow creates a conflict for *Gilliam* when there has been no ruling that *Haugen's* methodology is correct or exclusive.  In any event, this convoluted argument has no bearing whatsoever on the pending motion for consolidation, providing a further basis to strike this (repetitive) additional brief by *Haugen*.

The *Gilliam* Plaintiffs should not have to continue filing briefs addressing nonsensical and/or repetitive points that are being raised by *Haugen* in an attempt to have the last word on *Gilliam's* consolidation motion.  The *Gilliam* Plaintiffs will, of course, at the direction of the Court, substantively respond to the arguments raised in the [Proposed] Sur-Reply either in an additional memorandum of law or at a hearing on consolidation should the Court choose to hold such a hearing.

## **CONCLUSION**

For the reasons detailed herein, the *Gilliam* Plaintiffs respectfully request this Court to strike the Motion for Leave to File Sur-Reply and the [Proposed] Sur-Reply in Opposition to Motions for Consolidation and Appointment of Tri-Lead and Liaison Counsel and to decide such motions on the more than sufficient record already before the Court.

Dated: December 23, 2004

**MOULTON & GANS, P.C.**

By:  __/s/ Nancy Freeman Gans_____
     Nancy Freeman Gans (BBO #184540)
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
(617) 369-7979

*Counsel for Plaintiffs James Gilliam, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Liaison Counsel*

**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York 10017
(212) 687-7230

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Tri-Lead Counsel*

- 3 -

**SCOTT + SCOTT, LLC**
Arthur L. Shingler, III
Wells Fargo Building
401 B Street, Suite 307
San Diego, California  92101
(619) 233-4565

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*


**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

*Counsel for Plaintiff James Gilliam*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania  19004
(610) 667-7706

*Counsel for Plaintiff Bogatin Family Trust*


**GILMAN AND PASTOR, LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts  01906
(781) 231-7850

*Counsel for Plaintiff Bogatin Family Trust*


**WEISS & YOURMAN**
Joseph H. Weiss
Richard A. Acocelli
551 Fifth Avenue, Suite 1600

- 4 -

New York, New York  10176
(212) 682-3025

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert*

### LOCAL RULE 7.1(A)(2) CERTIFICATE

I, Nancy Freeman Gans, hereby certify that on December 23, 2004, I spoke by telephone with the following counsel regarding The Motion to Strike the Haugen Plaintiffs' Motion for Leave to File Sur-Reply and the Haugen Plaintiffs' [Proposed] Sur-Reply in Opposition to Motions for Consolidation and Appointment of Tri-Lead and Liaison Counsel:  (1) Michelle H. Blauner, Esquire, Shapiro Haber & Urmy, counsel for the Haugen plaintiffs, who opposes the motion.

/s/ Nancy Freeman Gans
Nancy Freeman Gans

### CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that I served a copy of the foregoing document upon counsel for all parties by facsimile this 23d day of December, 2004.

/s/ Nancy Freeman Gans
Nancy Freeman Gans

- 5 -