# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 04cv11600 (NG) |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>    Defendants. | Civil Action No. 04cv11642 (NG) |

**FIDELITY DEFENDANTS' OPPOSITION TO MOTION TO STRIKE THE FIDELITY DEFENDANTS' MOTION FOR CONSOLIDATION AND SEVERANCE OF CLAIMS**

The Fidelity Defendants submit this memorandum in opposition to the Gilliam Plaintiffs' Motion to Strike the Fidelity Defendants' Motion for Consolidation and Severance of Claims ("Motion to Strike").[1]

---

[1] A motion to strike is not an authorized or appropriate response to a motion. Neither the Federal Rules of Civil Procedure nor the Local Rules of this District provide for a motion to strike in response to a motion. See Fed. R. Civ. P. 12(f) and 7(a) (authorizing motion to strike with respect to a pleading only; a motion is not a pleading); L.R. 7.1(B)(3) (implying only an opposition is an appropriate response to a motion); see also Stow v. Peterson, 204 F. Supp. 2d 40, 43 n.2 (D. Me. 2002) (denying motion to strike not directed at pleading, as required by Rule 12(f)).

- 1 -

Contrary to the Gilliam Plaintiffs' argument, the Fidelity Defendants' Motion to Consolidate and for Severance of Claims ("Fidelity Defendants' Motion") was timely and appropriate, as it was filed immediately after the Gilliam Plaintiffs filed their memorandum in further support of their motion for consolidation (<u>Gilliam</u> Docket No. 66) ("Consolidation Reply"). There the Gilliam Plaintiffs argued – for the first time – that the Revenue Sharing cases assert the same <u>Gartenberg</u>-type claims relating to the magnitude of fees in relation to services rendered as are asserted in the Excessive Management Fee cases. Notably, the Gilliam Plaintiffs did not characterize their claims in this manner in the Revenue Sharing complaints nor did they do so in their opening memorandum. (<u>See</u> Fidelity Defendants' Motion at ¶¶ 3-4.)[2] As such, it was entirely appropriate, if not essential, for the Fidelity Defendants to respond by filing their motion.

The Fidelity Defendants' Motion is intended to avoid the risk of duplication and inconsistency to the extent the Gilliam Plaintiffs either are using the Consolidation Reply to effect an amendment to their complaints to assert <u>Gartenberg</u>-type claims, or they intend to assert such claims in the future. Either course, if taken, would present the risk that <u>Gartenberg</u>-type claims would be presented to both this Court and to Judge Wolf. Contrary to the Gilliam Plaintiffs' argument, such claim severance is expressly authorized by Rule 42(a) of the Federal Rules of Civil Procedure, and the Court has broad discretion in this area. <u>See, e.g.</u>, <u>Salomon v. Scott</u>, 117 F.R.D. 320, 321 (D. Mass. 1987).

---

[2] The Gilliam Plaintiffs' attempt to re-characterize their claims by brief is an acknowledgement that the claims in the Revenue Sharing and Excessive Management Fee cases, <u>as pled</u>, are unrelated.

## CONCLUSION

For the foregoing reasons, the Gilliam Plaintiffs' Motion to Strike the Fidelity Defendants' Motion for Consolidation and Severance of Claims should be denied.

Respectfully submitted,

/s/ James S. Dittmar
James S. Dittmar, P.C. (BBO# 126320)
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: 617.570.1000

**Of Counsel:**

James N. Benedict
Sean M. Murphy
C. Neil Gray
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Tel: 212.530.5000

*Attorneys for Defendants Fidelity Management & Research Company, FMR Co., Inc., FMR Corp., Fidelity Distributors Corporation, Edward C. Johnson 3d, Abigail P. Johnson, Edward C. Johnson IV, Elizabeth L. Johnson, Peter S. Lynch, Laura B. Cronin, Robert L. Reynolds, Robert C. Pozen, and J. Gary Burkhead*

Dated: January 3, 2005

LIBA/1442709.1