UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ERIC FORSYTHE, Individually and on  )
Behalf of All Others Similarly Situated,  )
                                    )
            Plaintiff,         )
                                    )    Civil Action No. 04-10584-GAO
    v.                          )
                                    )
SUN LIFE FINANCIAL INC., et al.,     )
                                    )
           Defendants.      )
_____)
                                    )
LARRY R. EDDINGS, Individually and on  )
Behalf of All Others Similarly Situated,  )
                                    )
            Plaintiff,        )
                                    )    Civil Action No. 04-10764-GAO
    v.                          )
                                    )
SUN LIFE FINANCIAL INC., et al.,     )
                                    )
           Defendants.      )
_____)
                                    )
RICHARD KOSLOW, Individually and on  )
Behalf of All Others Similarly Situated,  )
                                    )
            Plaintiff,        )
                                    )    Civil Action No. 04-11019-GAO
    v.                          )
                                    )
SUN LIFE FINANCIAL INC., et al.,     )
                                    )
           Defendants.      )
_____)

| | |
|---|---|
| MARCUS DUMOND, HENRY BERDAT, )<br>STUART V. and ROSEMARY STURGESS, )<br>KATHLEEN BLAIR, WILLIAM and )<br>MARGIE BOOTH, KAREN PEACH, and )<br>RICHARD and EVELYN KELLER, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　　　)<br>MASSACHUSETTS FINANCIAL )<br>SERVICES COMPANY and )<br>MFS FUND DISTRIBUTORS, INC., )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　) | Civil Action No. 04-11458-GAO |

MEMORANDUM AND ORDER
January 13, 2005

O'TOOLE, D.J.

　　Pending before the Court are four securities actions alleging abuses in the management and distribution of mutual funds in the Massachusetts Financial Services ("MFS") family of funds.[1] Plaintiffs Eric Forsythe and Larry R. Eddings move for an order: (i) consolidating the four actions; (ii) appointing Forsythe, Eddings, and the City of Chicago Deferred Compensation Plan as co-lead plaintiffs; (iii) appointing Milberg Weiss Bershad & Shulman LLP ("Milberg Weiss"), Weiss & Yourman, and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as co-lead counsel to oversee the actions; and (iv) appointing Moulton & Gans P.C. as liaison counsel. After careful consideration of the briefs and supporting affidavits, and after oral argument, I conclude that

---

[1] The actions are Forsythe v. Sun Life Financial, Inc. et al., 04-cv-10584-GAO, Eddings v. Sun Life Financial, Inc. et al., 04-cv-10764-GAO, Koslow v. Sun Life Financial, Inc. et al., 04-cv-11019-GAO, and Dumond v. Massachusetts Financial Services Co., 04-cv-11458-GAO.

the motion to consolidate ought to be granted as to the Forsythe, Eddings, and Koslow actions, but denied as to the Dumond action, and the motion for appointment of co-lead plaintiffs, co-lead counsel and liaison counsel ought to be denied without prejudice.

Consolidation is generally appropriate when actions involving a common question of law or fact are pending before the court. Fed. R. Civ. P. 42(a). "[T]he trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). Despite certain commonalities among the four actions, consolidation of all four would not be appropriate in this instance for a number of reasons.

First, there are significant differences with respect to the parties and the claims asserted. The Dumond action is brought on behalf of eleven mutual funds against Massachusetts Financial Services Company, the principal advisor of the MFS family of mutual funds, and MFS Fund Distributors, Inc., the underwriter and distributor of the funds, for alleged breaches of fiduciary duty in violation of section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b) (the "ICA"). In contrast, the Forsythe, Eddings, and Koslow actions include both class claims purportedly on behalf of investors in the MFS family of mutual funds and derivative claims on behalf of over 100 MFS funds, brought against the funds' investment advisors, their corporate parent, and the funds' trustees, for violation of sections 34(b), 36(b) and 48(a) of the ICA, 15 U.S.C. §§ 80a-33(b), 80a-35(b), and 80a-47(a), and sections 206 and 215 of the Investment Advisers Act, 15 U.S.C. §§ 80b-6 and 80b-15. While consolidation of the Forsythe, Eddings, and Koslow actions is appropriate, consolidation of all four actions will unnecessarily delay the Dumond action, as that

action is not likely to have the standing and class certification issues that the consolidated Forsythe, Eddings and Koslow actions will likely have.

Second, the Dumond plaintiffs' section 36(b) claims differ from the section 36(b) claims in the Forsythe, Eddings, and Koslow actions. The Dumond plaintiffs allege that the MFS funds' investment advisor and principal underwriter and distributor have charged and continue to charge fees that are disproportionately large, bear no reasonable relationship to the services rendered, and could not have been the product of arm's-length bargaining. The gravamen of their complaint relates to the defendants' alleged (i) failure to pass on to shareholders excess profits from economies of scale, (ii) provision of the same services to institutional clients for substantially lower fees than the defendants charge the funds, and (iii) payment of excessive commissions to securities broker-dealers to execute trades for the funds in exchange for so-called "soft dollars" that benefit the defendants and not the funds. Like the Dumond plaintiffs, the Forsythe, Eddings, and Koslow plaintiffs allege that by receiving excessive advisory and distribution fees and inappropriate compensation, the MFS funds' advisor and distributor have breached their fiduciary duties in violation of section 36(b) of the ICA. But their theory of liability is premised on the defendants' (i) improper collection of Rule 12b-1 marketing fees, (ii) use of fund assets to make undisclosed payments of "soft dollars," and (iii) payment of excessive commissions to brokers in exchange for preferential marketing services.

Finally, there is a real possibility that, due to conflicts of interest, the rights of some plaintiffs would be prejudiced by the consolidation of all four actions and the appointment of Milberg Weiss, Weiss & Yourman, and Bernstein Litowitz as co-lead counsel to oversee the actions. The Massachusetts Rules of Professional Conduct prohibit a lawyer from undertaking or continuing

4

representation directly adverse to a client without that client's consent. Mass. Rules of Professional Conduct Rule 1.7(a) (1988). A lawyer also may not represent a client "if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation." Id. R. 1.7(b).

Here, Milberg Weiss, Weiss & Yourman, and Bernstein Litowitz seek to represent plaintiffs asserting derivative claims on behalf of certain MFS mutual funds. These same law firms currently represent plaintiffs bringing "market timing" claims against those same MFS mutual funds in multidistrict litigation in the District of Maryland.[2] The law firms' argument that the real defendants in the market timing action are the trusts which hold the MFS funds, and not the funds themselves, misses the mark. In at least the case of the Massachusetts Investors Growth Stock Fund, the fund and the trust are essentially the same for practical purposes, so any possible recovery would effectively come from the fund's assets. With respect to the other MFS funds, the law firms' assertion that recovery in the market timing action will only be sought from trust assets and not fund assets presumes that the trusts in fact have recoverable assets other then fund assets, but no evidence has been offered in support of this assertion.

Even if I were to accept the law firms' assertion that the market timing cases are not suits against the MFS funds, this only highlights another possible conflict of interest. In the market timing cases, Milberg Weiss, Weiss & Yourman, Bernstein Litowitz, and Moulton & Gans represent persons

---

[2] Milberg Weiss, Weiss & Yourman, and Moulton & Gans appeared as counsel for certain plaintiffs in actions that were consolidated in the MDL. Milberg Weiss and Bernstein Litowitz are co-chairs of the Plaintiffs' Steering Committee in the MDL. Bernstein Litowitz is lead class counsel in the MDL for the consolidated class claims involving MFS mutual funds, and the City of Chicago Deferred Compensation Plan is lead plaintiff for the consolidated class claims in the MDL.

who no longer own shares of the MFS funds who may in fact benefit from recovery from the funds. But their attorneys – in order to represent the MFS funds in this action in Massachusetts – now have said that they will not seek recovery from the funds. Thus, Milberg Weiss, Weiss & Yourman, Bernstein Litowitz, and Moulton & Gans' representation of these former shareholders might be materially limited by the law firms' responsibilities to the funds in the present action, or vice versa, and there is no evidence that the various potentially affected clients have consented after consultation. See Mass. Rules of Professional Conduct Rule 1.7 cmt. 4 ("The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.").

In light of these considerations, and in the interest of efficient judicial administration of these actions, the more appropriate course is not to consolidate the Dumond action with the other three actions and to deny the appointment of lead plaintiff, lead counsel and liaison counsel at this time to allow Milberg Weiss, Weiss & Yourman, Bernstein Litowitz, and Moulton & Gans further opportunity to try to address the conflicts of interest presented. It is important to deal with potential conflicts at the early stages of this litigation, rather than when and if the question of a remedy is reached.

Accordingly, the Forsythe and Eddings plaintiffs' motion for consolidation (docket no. 8) is GRANTED IN PART and DENIED IN PART. The actions entitled Eddings v. Sun Life Financial, Inc. et al., 04-cv-10764-GAO and Koslow v. Sun Life Financial, Inc. et al., 04-cv-11019-GAO shall be consolidated into the first-filed action entitled Forsythe v. Sun Life Financial, Inc. et al., 04-cv-10584-GAO and all future filings shall be made solely in the Forsythe action. The action entitled

Dumond v. Massachusetts Financial Services Co., 04-cv-11458-GAO shall proceed independent of the consolidated action. However, all four actions shall be coordinated for discovery and pretrial purposes. The motion for appointment of co-lead counsel and liaison counsel (docket no. 11) and the amended motion for appointment of co-lead plaintiffs, co-lead counsel and liaison counsel (docket no. 38) are DENIED WITHOUT PREJUDICE. The plaintiffs in the consolidated action are directed to file a consolidated amended complaint forthwith so that the action may proceed towards class certification, at which time motions to appoint lead plaintiffs and lead counsel may be renewed.

    It is SO ORDERED.

January 13, 2005                                                    \s\ George A. O'Toole, Jr.
DATE                                                                        DISTRICT JUDGE