1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * *
*ERIC FORSYTHE, Individually and On     *
 Behalf of All Others Similarly Situated,*
        Plaintiffs                      * CIVIL ACTION
        vs.                             * Nos. 04-10584-GAO
                                        *      04-10764
*SUN LIFE FINANCIAL, INCORPORATED, et al.*    04-11019
        Defendant                       *      04-11458
* * * * * * * * * * * * * * * * * * *


BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.,
UNITED STATES DISTRICT JUDGE
MOTIONS HEARING
October 20, 2004





Courtroom No. 9
1 Courthouse Way
Boston, Massachusetts 02109

JAMES P. GIBBONS, RPR/RMR
Official Court Reporter
1 Courthouse Way, Suite 7205
Boston, Massachusetts  02210
(617) 428-0402

MOULTON & GANS, P.C.    Fax:6173697980    Jan 19 2005 12:52    P.03
Case 1:04-cv-11600-NG    Document 82-2    Filed 01/21/2005    Page 2 of 9

2

1  APPEARANCES:
2
3       MILBERG, WEISS, BERSHAD & SCHULMAN, LLP, (By Janine L. Pollack, Esq.), One Pennsylvania Plaza, New York, New York 10119, on behalf of Plaintiffs
4
5       MOULTON & GANS, P.C., (By Nancy Freeman Gans, Esq.), 33 Broad Street, Suite 1100, Boston, Massachusetts 02109, on behalf of Plaintiffs
6
7       WEISS & YOURMAN, (By Richard A. Acocelli, Esq.), 551 Fifth Avenue, New York, New York 10176, on behalf of Plaintiffs
8
9       BERNSTEIN, LITOWITZ, BERGER & GROSSMAN, LLP, (By J. Erik Sandstedt, Esq.), 1285 Avenue of the Americas, New York, New York 10119, on behalf of City of Chicago Deferred Compensation Plan
10
11
12      SHAPIRO HABER & URMY, LLP, (By Michelle H. Blauner, Esq., and Edward F. Haber, Esq.), 53 State Street, 37th Floor, Boston, Massachusetts 02109, on behalf of Marcus Dumond, et al
13
14      KELLER ROHRBACK, LLP, (By Michael D. Woerner, Esq.), 1201 Third Avenue, Suite 3200, Seattle, Washington 98101-3052, on behalf of Marcus Dumond, et al
15
16      WILMER CUTLER PICKERING HALE AND DORR, LLP, (By William H. Paine, Esq., Jonathan A. Shapiro, Esq., and Matthew A. Stowe, Esq.), 60 State Street, Boston, Massachusetts 02109, on behalf of Sun Life Financial, et al.
17
18
19      ROPES & GRAY, LLP, (By Jane E. Willis, Esq.), One International Place, Boston, Massachusetts 02110, on behalf of J. Atwood Ives, et al
20
21      NIXON PEABODY, LLP, (By George J. Skelly, Esq.), 100 Summer Street, Boston, Massachusetts 02110, on behalf of Kevin J. Parke
22
23
24
25

MOULTON & GANS,P.C. Fax:6173697980    Jan 19 2005 12:52    P.04
Case 1:04-cv-11600-NG    Document 82-2    Filed 01/21/2005    Page 3 of 9

3

P R O C E E D I N G S

**THE CLERK:** Court is in session. Please be seated.

Forsythe versus Sun Financial, Civil Action No. 04-10584, and related matters: Civil Action No. 04-10764, 04-11019, and 04-11458.

**THE COURT:** Well, we have a series of motions, as I think you all know, about whether to consolidate and whether and whom to appoint as lead counsel.

I think maybe the way to deal with it is to hear from the Forsythe plaintiffs in support of consolidation and approval of new counsel. Then I will hear the opposition from the Dumond action, and then any defendants who want to add their perspective.

I have read the papers. So I have some idea, although, to be perfectly candid, I am not sure I understood all the arguments as well as I would like to from the papers. But, anyway, why don't we start with the Forsythe plaintiffs.

**MS. POLLACK:** Good afternoon, your Honor. My name is Janine Pollack, and I'm from the law firm of Milberg, Weiss in New York City; and we represent the Forsythe plaintiff group, which consists of the Forsythe plaintiffs, the Eddings plaintiffs and the Koslow plaintiffs. We also seek to add an additional plaintiff,

MOULTON & GANS, P.C.   Fax:6173697980   Jan 19 2005 12:58   P.20
Case 1:04-cv-11600-NG   Document 82-2   Filed 01/21/2005   Page 4 of 9

19

1          MS. POLLACK: The provision that is cited by
2  the Dumond plaintiffs, which is on the prior page from
3  Tab 6, which is Section D, is nothing more than an
4  allocation provision which basically says if you have assets
5  in a Fund One, you cannot offset Fund Two's liability with
6  Fund One's assets. It's really strictly an allocation
7  provision, and it says that the trustees have discretion to
8  allocate. So it does not support the argument of the Dumond
9  plaintiffs that we are still suing the funds. I think
10 they've just misread the provision.
11         I will not take the Court through the second form
12 N-1-A except to say that it's essentially the same exact
13 thing as the other one in the sense that it makes it clear
14 that in this particular instance there's a trust and there
15 are series or funds within that trust, but it is really no
16 different than the other ones. Really it's all the same
17 thing. We're suing the trusts not the funds.
18         And I think if the Court wishes to have me go
19 through the tabs, it's really the same exact situation and
20 has the same language in that Paragraph 6.9 as the first one
21 that I showed the Court.
22         In terms of the standing issue, since the conflict
23 issue really doesn't exist, the standing issue is something
24 that really does not need to be addressed at this point. It
25 really does not have anything to do with consolidation.

MOULTON & GANS,P.C.    Fax:6173697980    Jan 19 2005 12:58    P.21
Case 1:04-cv-11600-NG    Document 82-2    Filed 01/21/2005    Page 5 of 9

20

```
 1          As I said before, there is individual standing here
 2   for at least some of the funds, that is clear.  No one is
 3   objecting to that.  Nobody is arguing with that.
 4          How many of the funds can actually be involved in
 5   the derivative action; in other words, on how many funds'
 6   behalf can it be brought, is a question for another day.
 7          Essentially, amended complaint will be filed, and
 8   it will be up to the defense to raise that issue in either a
 9   motion to dismiss or class cert. proceeding.  And I think
10   the defense, when they get up and speak, they will agee with
11   that, since they have put that in their papers as well.
12          So the standing issue, while it's certainly an
13   interesting issue, it really does not affect what your Honor
14   has to do here today.
15          Nonetheless, if it were an issue, which we don't
16   believe it is, we believe the juridical link doctrine allows
17   us to bring claims on -- derivative claims on behalf of all
18   of the 112 funds; and, in that sense, the Forsythe
19   plaintiffs seek to maximize the recovery against the maximum
20   number of wrongdoers for the maximum number of shareholders
21   past and present.  And that makes much more sense than
22   having piecemeal litigation and carve outs for people, such
23   as Dumond plaintiffs, who only seek to represent a handful
24   of the funds.
25          For example, the Dumond plaintiffs don't really say
```

MOULTON & GANS,P.C.    Fax:6173697980    Jan 19 2005 12:59    P.22
Case 1:04-cv-11600-NG    Document 82-2    Filed 01/21/2005    Page 6 of 9

21

1   what would happen to the other 100-or-so funds on whose
2   behalf they claim they cannot bring a derivative suit. They
3   seem to just leave them hanging.
4           In addition, the Forsythe plaintiffs have brought
5   claims under the Investment Advisors Act, Section 215, and
6   they, the Dumond plaintiffs, don't explain what would happen
7   to those claims either if they were the only ones allowed to
8   bring derivative claims.
9           So, essentially, the standing issue -- it doesn't
10  need to be resolved today. It's really something that is
11  for another day and has nothing to do with consolidation and
12  does not support the consolidation opposition.
13          Their final argument is that there are different
14  claims in the Forsythe action versus the Dumond action, and
15  that also is not true.
16          Both cases essentially allege excessive fees, and
17  that has different ways to be alleged.
18          Essentially, the claim is that the excessive fees
19  are being taken from the shareholders and the funds and
20  essentially finding their way as profits to the investment
21  adviser. The investment adviser and its affiliates, or --
22  the investment adviser is the primary defendant in both set
23  of plaintiffs' cases. Section 36(b) is alleged in both
24  cases, and, essentially, it's the same concept.
25          Now, the Dumond plaintiffs say that they don't

MOULTON & GANS, P.C.   Fax:6173697980   Jan 19 2005 12:59   P.23
Case 1:04-cv-11600-NG   Document 82-2   Filed 01/21/2005   Page 7 of 9

22

1  allege directed brokerage payments, but that's not true
2  either, because in Paragraph 45 of their complaint it says
3  very clearly that they're alleging that there was directed
4  brokerage payment going on.
5      So, in effect, they're the same cases, and that's
6  why consolidation is so appropriate here, and there should
7  not be a carve out for just 11 funds for the Dumond
8  plaintiffs to pursue on their own. It would be inefficient
9  and, as the defendants have pointed out, it would cause
10 multiple sets of briefings, multiple complaints, and it
11 would really be a proliferation of paper for absolutely no
12 reason when they're all the same claims, in effect.
13     There is -- in other words, there is a lot of
14 arguments why it would be the most efficient to consolidate
15 the cases, and there is not a single argument against
16 consolidation.
17     There is a final point that I'd like to address,
18 which is the suggestion that there was some sort of
19 conspiracy theory, some sort of conspiracy by the
20 market-timing counsel and the counsel in these excessive
21 fees cases to remove the defendants -- remove the funds as
22 defendants in order to resolve the conflict pointed out by
23 the Dumond plaintiffs. That just is not the case.
24     The defendant -- the funds were removed as
25 defendants in the timing cases because legally and

MOULTON & GANS,P.C.   Fax:6173697980       Jan 19 2005  13:03      P.35
Case 1:04-cv-11600-NG   Document 82-2   Filed 01/21/2005   Page 8 of 9

34

1    So I would submit that their proposal that these
2    cases be consolidated and there be just one lawyer that they
3    have to deal with, really is impractical and doesn't --
4    isn't really necessary. These cases can be coordinated to
5    the extent necessary so that there isn't any duplicative
6    discovery, but there is no reason to consolidate these cases
7    and to require one complaint be filed in these cases. We
8    can work together to try to work as best we can to
9    coordinate discovery issues, and if there are any issues at
10   a later date on those issues, we certainly could come back
11   to the Court to address those questions.
12       But ultimately the question is whether the lawyers
13   for the Forsythe plaintiffs can represent these 36(b)
14   claims, and I submit that they cannot; and, in that context,
15   there is going to have to be separate lawyers to represent
16   those claims. We're the only unconflicted lawyers who are
17   before this Court, and we're ready, willing and able to
18   pursue those claims as zealously as we can.
19       Thank you.
20       MR. PAINE: Bill Paine, your Honor.
21       I just -- I don't want to address the conflict
22   issue. Although, I guess I would follow with the notion
23   that the reason I don't want to is there is something in it
24   for me if someone with a conflict is my opponent. I just
25   don't think it makes a difference from the point of view of

MOULTON & GANS, P.C.    Fax:6173697980    Jan 19 2005 13:03    P.36
Case 1:04-cv-11600-NG    Document 82-2    Filed 01/21/2005    Page 9 of 9

35

```
 1  consolidation.
 2          The first issue I would like to talk about is
 3  whether or not these are the same case or a different case.
 4          Both of them are bringing 36(b) claims. They're
 5  each bringing them on behalf of four exactly the same funds,
 6  and then each of them have some additional funds on whose
 7  behalf they want to bring claims as well.
 8          So you've got a core 36(b) claim that's the same,
 9  and it's the same for both sets of plaintiffs.
10          With respect to the additional plaintiffs that they
11  want to represent, it's basically the same. I mean, you
12  know, it's going to be the same theory. It's going to be
13  the same discovery. It's just a question of how many of the
14  various funds they're allowed to bring it on behalf.
15          So at its core you're hearing from the Dumond
16  people that this is a 36(b) claim as its core, and at that
17  core is exactly the same claim, and that's why we think that
18  this thing --
19                  THE COURT: You mean factually?
20                  MR. PAINE: Factually, legally, it's the same.
21  It's the same party, same theory, same relief.
22                  THE COURT: Well, I don't know if there's
23  agreement that it is the same factual basis. Although, I am
24  not sure how significant that is.
25                  MR. PAINE: Well, one complaint, I guess, or
```