UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf of All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　Defendants. | Civil Action No. 04cv11600 (NG)<br><br>Consolidated Case Nos.:<br><br>04cv11642<br>04cv11709<br>04cv11735<br>04cv11812 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE NOMINAL DEFENDANTS, FIDELITY FUNDS,
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Dated: December 5, 2005

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

I.     PLAINTIFFS HAVE NO STANDING TO BRING CLAIMS WITH RESPECT TO THE FIDELITY FUNDS IN WHICH THEY DO NOT OWN SHARES .......................... 1

II.    COUNTS I THROUGH IV AND VI THROUGH VIII SHOULD BE DISMISSED BECAUSE THEY ARE IMPROPERLY PLEADED AS DIRECT CLAIMS, RATHER THAN AS DERIVATIVE CLAIMS ............................................................... 2

III.   COUNT V, ALTHOUGH BROUGHT DERIVATIVELY, SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH STATE LAW DEMAND REQUIREMENTS ................................................................................................... 4

IV.   COUNTS I, II, AND IV SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION FOR CLAIMS UNDER SECTIONS 34(b), 36(a), AND 48(a) OF THE ICA. ......................................................................................... 7

CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Alexander v. Sandoval*, 532 U.S. 275 (2001) ................................................................................ 7

*Blasberg v. Oxbow Power Corp.,* 934 F. Supp. 21 (D. Mass. 1996) ............................................... 3

*Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) ........................................................ 7

*Daily Income, Inc. v. Fox,* 464 U.S. 523 (1984) ............................................................................. 4

*Gonzaga University v. Doe,* 536 U.S. 273 (2002) .......................................................................... 7

*Green v. Nuveen Advisory Corp.,* 186 F.R.D. 486 (N.D. Ill. 1999) ................................................ 2

*Herman v. Steadman,* 50 F.R.D. 488 (S.D.N.Y. 1970) ................................................................... 4

*Hogan v. Baker,* No. 305CV0073P, 2005 WL. 1949476 (N.D. Tx. Aug. 12, 2005) ...................... 2

*Hurley v. Federal Deposit Insurance Corp.,* 719 F. Supp. 27 (D. Mass. 1989) ............................. 3

*ING Principal Protection Funds Derivative Litigation,*
    369 F. Supp. 2d 163 (D. Mass. 2005) ...................................................................................4-5

*In re Eaton Vance Corp. Sec. Litigation,* 219 F.R.D. 38 (D. Mass. 2003) ..................................... 1

*In re Eaton Vance Mutual Funds Fee Litigation,* 380 F. Supp. 2d 222 (S.D.N.Y. 2005) .............. 3

*In re Franklin Mutual Funds Fee Litigation,* 388 F. Supp. 2d 451 (D.N.J. 2005) ..................... 2, 4

*In re Lord Abbett Mutual Funds Fee Litigation,* 385 F. Supp. 2d 471 (D.N.J. 2005) .................... 4

*Kamen v. Kemper Finance Services,* 500 U.S. 90 (1991) ............................................................ 2, 5

*Mutchka v. Harris,* 373 F. Supp. 2d 1021 (C.D. Cal. 2005) ........................................................... 4

*Strougo v. Bassini,* 282 F.3d 162 (2d Cir. 2002) ............................................................................ 4

### STATE CASES

*Bessette v. Bessette,* 385 Mass. 806 (1982) .................................................................................... 2

*Brehm v. Eisner,* 764 A.2d 244 (Del. 2000) ................................................................................5-6

*Donaldson, Lufkin & Jenrette, Inc.,* 845 A.2d 1031 (Del. 2004) .................................................... 2

*Harhen v. Brown,* 431 Mass. 838 (2000) ........................................................................................ 5

*Jackson v. Stuhlfire,* 28 Mass. App. Ct. 924 (1982) ....................................................................... 2

*Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C.*,
    405 Mass. 506 (1989)................................................................................................ 4

*Stegall v. Ladner*, No. 05-10062-DPW, 2005 WL. 2709127,
    394 F. Supp. 2d 358 (D. Mass. Oct. 14, 2005)............................................................ 1, 3-5

*Yameen v. Eaton Vance Distributors, Inc.*, 03-12437-D 2005 WL. 2709116
    (D. Mass. Oct. 14, 2005) ........................................................................................... 4

**FEDERAL STATUTES**

15 U.S.C. § 80a-10(a)................................................................................................... 6

Fed. R. Civ. P. 23.1 ...................................................................................................... 5

**STATE STATUTES**

12 Del. Code § 3801(h)................................................................................................ 6

Mass. Gen. Laws ch. 156D, § 7.42 ............................................................................... 5

**INTRODUCTION**

The Fidelity Funds named as Nominal Defendants in this consolidated action (collectively, the "Funds") submit this memorandum of law in support of their motion to dismiss, pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure, Plaintiffs' Consolidated Amended Class Action Complaint (referred to herein as "Amended Complaint" or "CAC"). As discussed herein, Plaintiffs have no standing to bring claims with respect to certain of the Funds. In addition, several of Plaintiffs' claims are improperly pleaded as direct claims (rather than derivative claims). Furthermore, one of Plaintiffs' claims, although brought derivatively, must be dismissed for failure to comply with state law demand requirements. As such, Plaintiffs' Amended Complaint should be dismissed in its entirety.[1]

**I.   PLAINTIFFS HAVE NO STANDING TO BRING CLAIMS WITH RESPECT TO THE FIDELITY FUNDS IN WHICH THEY DO NOT OWN SHARES**

Plaintiffs allege that they own shares in only 28 of the 206 Funds identified in their Amended Complaint. (See CAC ¶¶ 19-37; Attachment B to Memorandum of Law in Support of the Fidelity Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Fidelity Defendants' Memorandum")). This Court recently performed a comprehensive analysis of the same standing issue presented here and concluded that a plaintiff does not have standing to bring claims for alleged injury to funds in which he does not own shares. See Stegall v. Ladner, No. 05-10062-DPW, 2005 WL 2709127, at *3, 394 F. Supp. 2d 358 (D. Mass. Oct. 14, 2005); In re Eaton Vance Corp. Sec. Litig., 219 F.R.D. 38, 41 (D. Mass. 2003).[2]

---

[1]   The Funds take no position, at this stage of the litigation, regarding the underlying merits of Plaintiffs' allegations.

[2]   The Funds respectfully refer this Court to the Fidelity Defendants' Memorandum at pages 36-39 for further discussion of the standing issue.

1

Accordingly, Plaintiffs do not have standing to bring claims with respect to the 178 Funds in which they do not own shares, or have a beneficial interest and those claims should be dismissed.

**II.  COUNTS I THROUGH IV AND VI THROUGH VIII SHOULD BE DISMISSED BECAUSE THEY ARE IMPROPERLY PLEADED AS DIRECT CLAIMS, RATHER THAN AS DERIVATIVE CLAIMS**

A claim must be brought derivatively -- that is, on behalf of the corporation or trust in which the plaintiff is a shareholder -- if the shareholder's injury is the same as the "injury suffered generally by the shareholders as owners of corporate stock." Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 489 (N.D. Ill. 1999) (citing Jackson v. Stuhlfire, 28 Mass. App. Ct. 924 (1982)).  To determine whether a claim is direct or derivative, a court must look to the law of a Fund's state of incorporation.  See Kamen v. Kemper Fin. Servs., 500 U.S. 90, 97-99 (1991).

Here, each of the Funds is organized under Massachusetts or Delaware law.  Both states apply the same test to determine whether a claim is direct or derivative.  See In re Franklin Mutual Funds Fee Litig., 388 F. Supp. 2d 451, 463 n.8 (D.N.J. 2005) (stating that the laws of Delaware and Massachusetts "do not materially differ . . . when distinguishing between direct and derivative claims"); Hogan v. Baker, No. 305CV0073P, 2005 WL 1949476, at *4 n.5 (N.D. Tx. Aug. 12, 2005) ("[U]nder Massachusetts and Delaware law, the test for determining whether a claim is derivative or direct is the same.").  Under the test, an injury suffered directly by a corporation, and therefore only indirectly by its shareholders, can only be addressed through a derivative action.  See Bessette v. Bessette, 385 Mass. 806, 809 (1982) (shareholder may not directly bring claims that belong to the corporations); see also Jackson, 28 Mass. App. Ct. at 925 ("The derivative action seeks . . . to redress a wrong to the corporation . . . . [T]he wrong underlying a derivative action is indirect, at least as to the shareholders.  It adversely affects them merely as they are the owners of the corporate stock; only the corporation suffers the wrong.") (citations omitted); Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1039 (Del. 2004) (a

2

"stockholder's claimed direct injury must be independent of any alleged injury to the corporation" and "[t]he stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation."). This Court has recently held that an alleged injury that is not distinct to the shareholders from an injury suffered by the corporation generally cannot be brought directly. See Stegall, 2005 WL 2709127, at *4.

Plaintiffs' Amended Complaint alleges that they were injured, in their capacity as shareholders, when Defendants, *inter alia,* charged excessive fees and commissions, siphoned fund assets, and improperly paid and induced brokers to steer investors into the Funds. (See CAC ¶¶ 1, 3, 6, 112-22, 133, 137, 149.) Massachusetts law requires a derivative rather than direct action when, in the context of mutual funds, the "plaintiffs are damaged indirectly because the assets of the Funds are reduced." In re Eaton Vance Mutual Funds Fee Litig., 380 F. Supp. 2d 222, 234 (S.D.N.Y. 2005); see also Stegall, 2005 WL 2709127, at *6 (noting that decrease in value of a holder's shares, due to the overall reduction of the value of the Funds' assets, requires a derivative action). "Corporate mismanagement, or even fraud perpetrated on the corporation, resulting in lower stock prices cannot form the basis for an individual shareholder lawsuit against the wrongdoer or against the corporation." Hurley v. Federal Deposit Ins. Corp., 719 F. Supp. 27, 30 (D. Mass. 1989); see also Blasberg v. Oxbow Power Corp., 934 F. Supp. 21, 26 (D. Mass. 1996) ("[I]f a plaintiff alleges mismanagement of funds, embezzlement or breach of fiduciary duty resulting in a diminution of the value of the corporate stock or assets, the claim is one held by the corporation itself, and is thus derivative if brought by an investor."); Stegall, 2005 WL 2709127, at *6 ("[M]anagers owe a duty to the fund itself. . . . [and] Plaintiff enjoys the benefits of that duty, but does so derivatively.")

Here, Plaintiffs have not alleged that they suffered any special, direct injury by reason of Defendants' alleged improper practices. See Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506, 513-14 (1989). As noted above, any purported injury to Plaintiffs was a result of a diminution in Fund assets. Such claims must be derivative, not direct, claims. See Strougo v. Bassini, 282 F.3d 162, 174-75 (2d Cir. 2002) (holding that ICA claims for overpayment of fees by funds must be asserted derivatively); Herman v. Steadman, 50 F.R.D. 488, 489-90 (S.D.N.Y. 1970) (allegations, under the ICA, that mutual funds paid excessive and improper fees and commission are "derivative only"). Accordingly, Counts I-IV and VI-VIII of Plaintiffs' Amended Complaint must be dismissed.[3]

## III. COUNT V, ALTHOUGH BROUGHT DERIVATIVELY, SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH STATE LAW DEMAND REQUIREMENTS

Count V of Plaintiffs' Amended Complaint, brought pursuant to ICA Section 215 for violations of ICA Section 206, should be dismissed because Plaintiffs have failed to make a pre-suit demand upon the Funds. In virtually identical circumstances, this Court has repeatedly held that a pre-suit demand is essential and has dismissed claims where such demand has not been made. See, e.g., Stegall, 2005 WL 2709127, at *6; Yameen v. Eaton Vance Distributors, Inc., 03-12437-DPW, 2005 WL 2709116, at *7 (D. Mass. Oct. 14, 2005); ING Principal Protection Funds Derivative Litig., 369 F. Supp. 2d 163, 171 (D. Mass. 2005).

---

[3] The same conclusion applies to plaintiffs' Section 36(b) claim as well (Count III). Recent U.S. District Court decisions, applying the U.S. Supreme Court's decision in Daily Income, Inc. v. Fox, 464 U.S. 523 (1984), have held that a Section 36(b) claim is a right of the corporation and must be brought as a derivative suit rather than a class action. See In re Franklin Mutual Funds Fee Litig., 388 F. Supp. 2d at 467-69; In re Lord Abbett Mutual Funds Fee Litig., 385 F. Supp. 2d 471, 488-89 (D.N.J. 2005); Mutchka v. Harris, 373 F. Supp. 2d 1021, 1025 (C.D. Cal. 2005).

4

The scope of demand requirements is dictated by state law – here, Massachusetts and Delaware. See Kamen, 500 U.S. at 108-09. In Massachusetts, plaintiffs must make demand upon a corporation prior to bringing a derivative action. There are no exceptions. See Mass. Gen. Laws ch. 156D, § 7.42 ("No shareholder may commence a derivative proceeding until . . . demand has been made upon the corporation to take suitable action")[4]; see also ING Principal Protection Funds Derivative Litig., 369 F. Supp. 2d at 170 (holding that "[t]here are no exceptions" to the universal demand requirement); Stegall, 2005 WL 2709127, at *6 (same). Indeed, "[t]he primary purpose of the universal demand statute is to protect the authority of the board of directors to decide whether to pursue a lawsuit on behalf of the corporation." ING Principal Protection Funds Derivative Litig., 369 F. Supp. 2d at 171; see also Harhen v. Brown, 431 Mass. 838, 844 (2000) ("As a basic principle of corporate governance, the board of directors or majority of shareholders should set the corporation's business policy, including the decision whether they pursue a lawsuit."). This universal demand requirement also applies to mutual funds. See Stegall, 2005 WL 2709127, at *6. Here, Plaintiffs acknowledge that they "have not made any demand on the [Funds'] Boards of Trustees . . . to institute this action." (CAC ¶ 210). Count V, as it relates to the Funds organized under Massachusetts law, should be dismissed.

Count V also should be dismissed as related to the Fund organized under the laws of Delaware. As noted above, Plaintiffs admit that they did not make any demand on the trustees of the Funds. (CAC ¶ 210). Without a pre-suit demand, a derivative claim against a Delaware entity can only be maintained if the plaintiffs plead "with particularity" why demand would have been futile. See Fed. R. Civ. P. 23.1; Brehm v. Eisner, 764 A.2d 244, 256-57 (Del. 2000). The Delaware test for demand futility is (1) "whether, under the particularized facts alleged, a

---

[4] Plaintiffs filed the first of five lawsuits that have been consolidated into the present action on July 19, 2004, after the July 1, 2004 effective date of the universal demand requirement.

5

reasonable doubt is created that . . . the directors are disinterested and independent" or (2) "whether the pleading creates a reasonable doubt that the challenged transaction was otherwise the product of a valid exercise of business judgment." Brehm, 764 A.2d at 256 (alterations in original; citations omitted).

Delaware law provides that an investment company trustee who is disinterested under the ICA "shall be deemed to be independent and disinterested for all purposes." 12 Del. Code § 3801(h). As required by the ICA, a majority of the trustees of the Funds are non-interested persons. See 15 U.S.C. § 80a-10(a). Plaintiffs do not dispute this; rather, they have alleged in their initial complaint and in their Amended Complaint that a majority of the trustees were "non-interested" trustees of the Funds. (Original Complaint, filed on July 19, 2004 ¶¶ 28-39; CAC ¶¶ 53-63). Because a majority of the trustees are not "interested persons" under the ICA, they are "independent and disinterested for all purposes," including considering a shareholder demand. As such, any demand would *not be* futile.

Moreover, Plaintiffs' allegations in support of futility are wholly insufficient, as they fail to plead specific facts to raise sufficient doubt that the directors are disinterested and independent. See Brehm, 764 A.2d at 256. Instead, Plaintiffs merely rely on generic, boilerplate allegations that have already been rejected by courts as insufficient as a matter of law.[5] Likewise, Plaintiffs fail to allege with specificity that the challenged transaction was not the product of a valid exercise of business judgment. See Brehm, 764 A.2d at 756.

---

[5] The Funds refer this Court to the Fidelity Defendants' Memorandum at pages 33-36 for a detailed discussion of this point.

6

In sum, Plaintiffs have failed to plead demand futility with the particularity required under Delaware law. As such, Count V, as it relates to the Funds organized under Delaware law, should be dismissed.[6]

### IV. COUNTS I, II, AND IV SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION FOR CLAIMS UNDER SECTIONS 34(b), 36(a), AND 48(a) OF THE ICA

The law is clear that there is no private right of action for claims under ICA Sections 34(b), 36(a), and 48(a). In support of this argument, the Funds refer this Court to the myriad decisions (cited in footnote 5 of the Fidelity Defendants' Memorandum, at pp. 6-7) that already have held that there is no explicit or implicit private right of action under ICA Sections 34(b), 36(a) and/or 48(a). The decisions follow the direction of the Supreme Court that federal courts should refuse to read a private right of action into a statute where, as here, there is no basis in the statute's plain language to imply such a right. See Gonzaga Univ. v. Doe, 536 U.S. 273, 286 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit."); Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 67 n.3 (2001); Alexander v. Sandoval, 532 U.S. 275, 287 (2001). As such, Counts I, II, and IV of Plaintiff's Amended Complaint should be dismissed because there is no private right of action for claims under Sections 34(b), 36(a), and 48(a).

---

[6] If Counts I-IV and VI-VIII were properly brought derivatively (which they were not), the same demand requirements outlined above would apply.

7

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Amended Complaint should be dismissed in its entirety.

Respectfully submitted,

FIDELITY FUNDS,

By their attorneys,

/s/ Wm. Shaw McDermott
Wm. Shaw McDermott (BBO # 330860)
   smcdermott@klng.com
Derek M. Meisner (BBO # 660212)
   dmeisner@klng.com
Wendy A. Berliner (BBO # 639853)
   wberliner@klng.com
KIRKPATRICK & LOCKHART
   NICHOLSON GRAHAM LLP
75 State Street
Boston, MA  02109
(617) 261-3100

Dated: December 5, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2005, I served a true copy of the foregoing document by electronic filing upon all counsel of record.  Furthermore, a true copy of the foregoing is served by hand to Liaison Counsel, Nancy Freeman Gans, Esq., MOULTON & GANS, P.C, 33 Broad Street, Suite 1100, Boston, MA  02109.  A true copy of the foregoing is served upon Lead Counsel via Federal Express and Facsimile at the following addresses:

MILBERG WEISS BERSHAD & SCHULMAN LLP
One Pennsylvania Plaza
New York, New York  10119
(Fax):  (212) 868-1229

STULL, STULL & BRODY
6 East 45th Street
New York, New York  10017
(Fax):  (212) 490-2022

8

SCOTT & SCOTT, LLC
Wells Fargo Building
401 B Street, Suite 307
San Diego, California  92101
(Fax):  (619) 233-0508

/s/ Wm. Shaw McDermott
Wm. Shaw McDermott (BBO # 330860)

9