*2005 U.S. Dist. LEXIS 33439, **

IN RE: COLUMBIA ENTITIES LITIGATION

CIVIL ACTION NO. 04-11704-REK

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

2005 U.S. Dist. LEXIS 33439

November 30, 2005, Decided

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Defendants, the funds and their advisers, trustees, and officers, filed a motion to dismiss plaintiff investors' class action under §§ 34(b), 36(a), (b), and 48(a) of the Investment Company Act, 15 U.S.C.S. § 80a-1(a) et seq., codified at 15 U.S.C.S. §§ 80a-33(b), 80a-35(a), (b), and 80a-47(a), and under §§ 215 and 206 of the Investment Advisers Act (IAA), 15 U.S.C.S. § 80b-1(a) et seq., codified at 15 U.S.C.S. §§ 80b-15(b), 80b-6.

**OVERVIEW:** The investors alleged that the funds charged them excessive fees and used their assets to pay kickbacks to brokerages in exchange for directing clients toward the funds. The court dismissed the § 34(b) and IAA claims against the funds organized under Massachusetts law, which did not waive the demand requirement in derivative actions for futility. The court dismissed, for lack of standing, the § 34(b), § 36(b), and IAA claims against the funds organized under Oregon law in which the named plaintiffs did not own shares. The court dismissed the § 36(a) claim as redundant because of the separate § 36(b) claim. The court held that the § 36(b) claims against the funds in which the investors owned shares failed to state a claim for disproportionate compensation because the investors did not allege that the funds received compensation. The investors failed to state a § 48(a) claim because the claims as to the underlying violations were dismissed. The court held that the unjust enrichment and breach claims against the trustees, officers, and advisers, who owed a fiduciary duty only to the funds, should have been brought derivatively on behalf of the funds, which suffered the injury.

**OUTCOME:** The court allowed the motion to dismiss; instructed the clerk to enter a final judgment for defendants; dismissed, as moot, the investors' renewed motion for appointment of co-lead counsel and appointment of liaison counsel, motion for class certification, and motion for entry of a proposed schedule for certification and commencement of discovery; and dismissed, as moot, the motion for a stay of class and other discovery.

**CORE TERMS:** shareholder, derivative, investor, adviser, derivative action, breach of fiduciary duty, derivatively, class certification, standing to bring, fiduciary duty, state law, entirety, brokerage, right of action, direct action, mutual funds, plaintiffs filed, excessive, moot, diminution, universal, invested, duty, owe, registered, excused, entities, similarly situated, motion to dismiss, unjust enrichment

### LexisNexis(R) Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action

HN1 ⭐ A district court may dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. A court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiffs favor, and determine whether the complaint, so read, pleads facts sufficient to justify recovery on any cognizable theory.

Civil Procedure > Pleading & Practice > Filing of Complaint
HN2 ⭐ In applying the requirement of Fed. R. Civ. P. 8(a)(2) of a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), a court should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets.

Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
HN3 ⭐ See 15 U.S.C.S. § 80a-33(b).

Business & Corporate Entities > Corporations > Shareholders & Other Constituents > Actions Against Corporations
Civil Procedure > Class Actions > Derivative Actions
HN4 ⭐ A claim can only be brought on behalf of a class if it is direct. The determination of whether a claim is direct or derivative is governed by the law of the state of incorporation.

Business & Corporate Entities > Corporations > Shareholders & Other Constituents > Actions Against Corporations
HN5 ⭐ Under the laws of both Massachusetts and Oregon, a claim is direct only where the shareholder alleges an injury distinct from that suffered by shareholders generally, or the alleged wrong involves a contractual right of shareholders, such as the right to vote.

Business & Corporate Entities > Corporations > Shareholders & Other Constituents > Actions Against Corporations
HN6 ⭐ The basic distinction between a derivative claim and a direct claim is that, in the former, the right flows from the breach of a duty owed by the defendants to the corporation, and, in the latter, the right flows from the breach of duty owed directly to the plaintiff independent of the plaintiffs status as a shareholder, investor, or creditor of the corporation. If a plaintiff alleges mismanagement of funds, embezzlement, or breach of fiduciary duty resulting in a diminution of the value of the corporate stock or assets, the claim is one held by the corporation itself, and is, thus, derivative if brought by an investor. In contrast, if a plaintiff alleges that she, as an individual investor, was misled or defrauded in the purchase of her investment, this kind of claim is a "direct" one. In a derivative action, the corporation is the party that sustained the injury and any judgment paid on such a claim would be paid to the corporation. In contrast, in a direct action, the injury is suffered by the individual investor, and he is the party who receives any judgment. The fact that many investors might have been misled or that the plaintiff might only be minimally injured, does not convert the claim to a derivative one.

Business & Corporate Entities > Corporations > Shareholders & Other Constituents > Actions Against Corporations
HN7 ⭐ Courts should not apply state law to determine whether a claim is direct or derivative if the particular state law in question is inconsistent with the policies underlying the federal statute. This means that the basic framework for determining whether a suit is direct or derivative is the following: first, a court must apply state law to

determine whether an action should be brought directly or derivatively. Second, a court must ensure that the conclusion reached under state law is consistent with the policies underlying the federal statute creating the cause of action. Only if the conclusion is consistent can the court stand by the decision made in the first stage of this inquiry.

Business & Corporate Entities > Corporations > Shareholders & Other Constituents > Actions Against Corporations
Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
HN8⚓ Due to the purposes of the statute, § 36(b) of the Investment Company Act, 15 U.S.C.S. § 80a-1(a) et seq., codified at 15 U.S.C.S. § 80a-35(b), provides for a direct action to be brought by a shareholder, rather than for a derivative action to be brought on behalf of the corporation. Regardless of state law, § 36(b) does not provide for a derivative action because the right of action is not one that can be asserted by the corporation itself.

Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
HN9⚓ Section 34(b) of the Investment Company Act, 15 U.S.C.S. § 80a-1(a) et seq., codified at 15 U.S.C.S. § 80a-33(b), prohibits untrue statements or omissions, both of which harm the corporation, rather than the individual shareholders as such.

Business & Corporate Entities > Corporations > Shareholders & Other Constituents > Actions Against Corporations
Civil Procedure > Class Actions > Derivative Actions
HN10⚓ Once an action has been determined to be a derivative action, plaintiffs are generally required to make demand on the corporation before bringing the suit on their own. Fed. R. Civ. P. 23.1 requires the complaint to allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority, and, if necessary, from the shareholders or members. Both Massachusetts and Oregon have laws establishing this demand requirement. Mass. Gen. Laws. ch. 156D, § 7.42; Or. Rev. Stat. § 60.261. Whereas Oregon law allows for waiver of the demand requirement when such demand would be futile, Or. Rev. Stat. § 60.261, Massachusetts law does not, Mass. Gen. Laws. ch. 156D, § 7.42 Under Massachusetts law, demand must be made prior to the commencement of every derivative case, whether or not the directors are independent with respect to the matter subject to the demand.

Business & Corporate Entities > Corporations > Shareholders & Other Constituents > Actions Against Corporations
HN11⚓ The Massachusetts universal demand statute does not waive the demand requirement for futility. In contrast to Massachusetts courts, Oregon courts have found that demand is futile if the facts alleged show that the defendants charged with the wrongdoing, or some of them, constitute a majority of the directors or managing body at the time of commencing the suit, or that the directors or a majority thereof are still under the control of the wrongdoing defendants or if the plaintiff's pleading discloses any other condition of fact which renders it reasonably certain that a suit by the corporation would be impossible and that a demand therefore would be nugatory.

Business & Corporate Entities > Corporations > Shareholders & Other Constituents > Actions Against Corporations
Civil Procedure > Class Actions > Derivative Actions
HN12⚓ Fed. R. Civ. P. 23.1 requires the complaint to show that the plaintiff was a

Get a Document by Citation 2005 U.S. Dist. LEXIS 38439

Case 1:04-cv-11600-NG   Document 119-4   Filed 02/09/2006   Page 4 of 17

Page 4 of 17

shareholder at the time of the transaction of which the plaintiff complains, Fed. R. Civ. P. 23.1, and provides that the action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. Ownership of shares in a limited number of defendants can only confer standing against those specific defendants. This reasoning is equally applicable to a derivative suit. Whereas the named plaintiffs in class actions are responsible for representing all other members of a class, the plaintiffs in derivative actions are responsible for acting on behalf of a corporation. If plaintiffs are not shareholders of the corporation on whose behalf they are acting, they are by definition not achieving the goal of the derivative action, which is to represent the interests of the shareholders and, by extension, the corporation as a whole.

Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
HN13 See 15 U.S.C.S. § 80a-35(a).

Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
HN14 Section 36(b) of the Investment Company Act (ICA), 15 U.S.C.S. § 80a-1(a) et seq., provides, in part, that an action may be brought under § 36 by the Securities and Exchange Commission, or by a security holder of such registered investment company on behalf of such company, 15 U.S.C.S. § 80a-35(b). From the wording of those two parts of § 36, it appears that investors need only bring an action pursuant to either § 36(a) of the ICA, codified at 15 U.S.C.S. § 80a-35(a), or § 36(b). If investors bring their action pursuant to § 36(a), which provides a right of action for the Securities and Exchange Commission, the court can read § 36(b) to infer a private right of action. If investors have also brought an action pursuant to § 36(b), however, the § 36(a) action is merely redundant.

Business & Corporate Entities > Corporations > Shareholders & Other Constituents > Actions Against Corporations
Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
HN15 Section 36(b) of the Investment Company Act, 15 U.S.C.S. § 80a-1(a) et seq. codified at 15 U.S.C.S. § 80a-35(b), explicitly provides for a private right of action. Section 36(b) provides for a direct, not a derivative, action.

Civil Procedure > Justiciability > Standing
HN16 Ownership of shares in a limited number of defendant mutual funds is not sufficient to confer standing against all funds, regardless of the similarity of the alleged wrongful conduct.

Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
HN17 See 15 U.S.C.S. § 80a-35(b).

Evidence > Procedural Considerations > Burdens of Proof
Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
HN18 Although § 36(b) of the Investment Company Act, 15 U.S.C.S. § 80a-1(a) et seq. codified at 15 U.S.C.S. § 80a-35(b), provides that, in an action by a security holder against the adviser or affiliate, it shall not be necessary to allege or prove that any defendant engaged in personal misconduct, the statute also provides that the plaintiff shall have the burden of proving a breach of fiduciary duty. In passing § 36

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 38439    Page 5 of 17

Case 1:04-cv-11600-NG    Document 119-4    Filed 02/09/2006    Page 5 of 37

(b), Congress intended that the court look at all the facts in connection with the determination and receipt of such compensation, including all services rendered to the fund or its shareholders and all compensation and payments received, and that the expertise of the independent trustees of a fund, whether they are fully informed about all facts bearing on the adviser-manager's service and fee, and the extent of care and conscientiousness with which they perform their duties are some of the many factors to be considered.

Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
*HN19* See 15 U.S.C.S. § 80a-47(a).

Securities Law > Investment Companies > Record Falsification, Unlawful Representations & Illegal Acts
*HN20* By its wording, § 48(a) of the Investment Company Act, 15 U.S.C.S. § 80a-1(a) et seq., codified at 15 U.S.C.S. § 80a-47(a), requires an underlying violation to uphold a "procurement" violation.

Securities Law > Investment Advisers
*HN21* See 15 U.S.C.S. § 80b-15(b).

Securities Law > Investment Advisers > Prohibited Transactions & Material Misstatements
*HN22* See 15 U.S.C.S. § 80b-6.

**COUNSEL:** [*1] For Joan Cohen, Plaintiff: James Henry Glavin, Mark Levine, Stull, Stull & Brody, New York, NY; Janine L. Pollack, Jerome M. Congress, Milberg Weiss Bershad & Shulman LLP, New York, NY; Nancy F. Gans, Moulton & Gans, PC, Boston, MA.

For R.L. Simmonds, Jean S.B. Simmonds, Paula Slicker, Osburn, Plaintiffs: James Henry Glavin, Mark Levine, Stull, Stull & Brody, New York, NY; Jerome M. Congress, Milberg Weiss Bershad & Shulman LLP, New York, NY; Nancy F. Gans, Moulton & Gans, PC, Boston, MA.

For Columbia Acorn fund, Columbia Acorn Select, Columbia Acorn USA, Columbia Thermostat Fund, Columbia Acorn International Fund, Columbia Acorn International Select Fund, Defendants: Brian E. Pastuszenski, Goodwin Procter LLP, Boston, MA; Frances S. Cohen, Dechert LLP, Boston, MA.

For Columbia Asset Allocation Fund, Columbia Balanced Fund, Columbia Common Stock Fund, Columbia Disciplined Value Fund, Columbia Dividend Income Fund, Columbia Growth & Income Fund, Columbia Growth Fund, Columbia Growth Stock Fund, Columbia Large Cap Core Fund, Columbia Large Cap Growth Fund, Columbia Large Company Index Fund, Columbia Liberty Fund, Columbia Mid Cap Growth Fund, Columbia Mid Cap Value Fund, [*2] Columbia Real Estate Equity Fund, Columbia Small Cap Fund, Columbia Small Cap Value Fund, Columbia Small Company Equity Fund, Columbia Small Company Index Fund, Columbia Strategic Investor Fund Inc., Columbia Tax-Managed Aggressive Growth Fund, Columbia Tax-Managed Growth Fund, Columbia Tax-Managed Growth Fund II, Columbia Tax-Managed Value Fund, Columbia Technology Fund, Columbia Utilities Fund, Columbia Young Investor Fund, Columbia Europe Fund, Columbia Global Equity Fund, Columbia International Equity Fund, Columbia International Stock Fund, Columbia Newport Asia Pacific Fund, Columbia Newport Japan Opportunities Fund, Columbia Newport Greater china fund, Columbia Newport Tiger Fund, Columbia Contrarian Income Fund, Columbia Corporate Bond Fund, Columbia Federal Securities fund, Columbia Fixed Income Securities Fund Inc., Columbia Floating Rate Advantage Fund, Columbia Floating Rate Fund, Columbia High Yield fund, Columbia High Yield Opportunity fund, Columbia Income Fund, Columbia Intermediate

Bond Fund, Columbia Intermediate Government Income Fund, Columbia Money Market Fund, Columbia Quality Plus Bond Fund, Columbia Short Term Bond Fund, Columbia Strategic Income fund, Columbia **[*3]** US Treasury Index Fund, Columbia California Tax-Exempt Fund, Columbia Connecticut Intermediate Municipal Bond, Columbia Connecticut Tax-Exempt Fund, Columbia Florida Intermediate Municipal Bond Fund, Columbia High Yield Municipal Bond Fund, Columbia Intermediate Tax-Exempt Bond Fund, Columbia Managed Municipals Fund, Columbia Massachusetts Intermediate Municipal Bond Fund, Columbia Massachusetts Tax-exempt fund, Columbia Municipal Money Market Fund, Columbia National Municipal Bond Fund Inc., Columbia New Jersey Intermediate Municipal Bond fund, Columbia New York Intermediate Municipal Bond Fund, Columbia New York Tax-Exempt fund, Columbia Oregon Municipal Bond Fund Inc., Columbia Pennsylvania Intermediate Municipal Bond Fund, Columbia Rhode Island Intermediate Municipal Bond Fund, Columbia Tax-Exempt Fund, Columbia Tax-exempt Insured Fund, Columbia Small Cap Growth Fund, Columbia European Thematic Equity Fund, Columbia Global Thematic Equity Fund, Columbia Daily Income Company Fund, Columbia Acorn Trust, Columbia Balanced Fund Inc./or Columbia Common Stock Fund Inc, Columbia Daily Income Company, Columbia Growth Fund Inc., Columbia High Yield Fund Inc., Columbia Institutional Floating **[*4]** Rate Income Fund, Columbia International Stock Fund Inc., Columbia Mid Cap Growth Fund Inc., Columbia Real Estate Equity Fund Inc., Columbia Short Term Bond Fund Inc., Columbia Small Cap Growth Fund Inc., Columbia Technology Fund Inc., Defendants: Frances S. Cohen, Dechert LLP, Boston, MA.

For Fleetboston Financial Corporation, Columbia Management Group Inc., Columbia Management Advisors, Inc., Columbia Wanger Asset Management, L.P., Columbia Funds Distributor, Inc., Defendants: Frances S. Cohen, Matthew M. Lyons, Dechert LLP, Boston, MA.

For Charles P. McQuaid, Ralph Wanger, Defendants: Jenny S. Kim, Mark A. Rabinowitz, Neal, Gerber & Eisenberg LLP, Chicago, IL; Richard J. Rosensweig, Goulston & Storrs, PC, Boston, MA.

For Margaret Eisen, Leo Guthart, Jerome Kahn, Jr., Steven Kaplan, David C. Kleinman, Allan B. Muchin, Robert R. Nason, John A. Wing, Defendants: Daniel Hayes, John W. Rotunno, Kenneth E. Rechtoris, Todd E. Pentecost, Bell, Boyd & Lloyd LLC, Chicago, IL; Timothy O. Egan, Peabody & Arnold LLP, Boston, MA.

For Columbia Funds Trust and Columbia Funds, excluding Columbia Acorn Trust and Columbia Acorn Funds, Defendant: Brein T. O'Conner, Giselle J. Joffre, **[*5]** Ropes & Gray LLP, Boston, MA.

**JUDGES:** Robert E. Keeton, Senior United States District Judge.

**OPINIONBY:** Robert E. Keeton

**OPINION: Memorandum and Order**

November 30, 2005

**I. Pending Matters**

Pending for decision are matters related to the following filings:

(1) Plaintiffs' Renewed Motion for Appointment of Co-Lead Counsel and Appointment of Liaison Counsel (Docket No. 32, filed June 9, 2005);

(2) Plaintiffs' Motion for Class Certification (Docket No. 36, filed June 9, 2005);

(3) The Independent Trustee Defendants' Motion to Dismiss (Docket No. 48, filed August 5, 2005);

(4) Columbia Defendants' Motion to Dismiss (Docket No. 56, filed August 8, 2005);

(5) Plaintiffs' Motion for Entry of Plaintiffs' Proposed Schedule for Class Certification and Commencement of Discovery (Docket No. 63, filed October 11, 2005); and

(6) Defendants' Motion for Stay of Class and Other Discovery (Docket No. 68, filed October 11, 2005).

## II. Factual and Procedural Background

This is a class and derivative action brought on behalf of investors in the Columbia family of funds ("Columbia Funds") against the Columbia Funds investment advisers, directors, corporate parents, subsidiaries, and [*6] affiliates. The original complaint in this case was filed by plaintiff Joan Cohen on August 2, 2004. (Docket No. 1). Plaintiffs Gene F. Osburn, Paula Slicker, Jean S.B. Simmonds, and R.L. Simmonds also filed similar complaints in the summer of 2004, and all five plaintiffs filed a Motion for Consolidation requesting this court to consolidate their separate actions on September 10, 2004. (Docket No. 3.) I allowed this motion on March 2, 2005, and plaintiffs filed their Amended Complaint on June 9, 2005. (Docket No. 35.)

Also on June 9, 2005, plaintiffs filed their motion for appointment of counsel and their motion for class certification. (Dockets No. 32 and 36.) The Independent Trustee Defendants n1 filed their Memorandum in Opposition to Plaintiffs' Renewed (and Essentially Identical) Motion for Appointment of Co-Lead Counsel and Appointment of Liaison Counsel on August 5, 2005. (Docket No. 47.) There was no direct opposition filed to the motion for class certification. The Independent Trustee Defendants also filed their Motion to Dismiss on August 5, 2005 (Docket No. 48), and the Columbia Defendants n2 filed their Motion to Dismiss on August 8, 2005 (Docket No. 56). The Columbia [*7] Acorn Trust then filed a Notice of Joinder in Independent Trustee and Columbia Defendants' Motion to Dismiss on August 8, 2005. (Docket No. 60.) On October 11, 2005, plaintiffs filed their Opposition to Defendants' Motions to Dismiss and their Motion for Entry of Plaintiffs' Proposed Schedule for Class Certification and Commencement of Discovery. (Docket Nos. 65 and 63.) On the same date, defendants responded with their Motion for Stay of Class and Other Discovery. (Docket No. 68.) On October 25, 2005, plaintiffs filed their Opposition to Defendants' Motion for Stay of Class and Other Discovery. (Docket No. 71.)

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The Independent Trustee Defendants consist of the named Independent Trustees of the Columbia Funds Trusts Registrants (Douglas A. Hacker, Janet Langford Kelly, Richard W. Lowry, William E. Mayer, Charles R. Nelson, John J. Neuhauser, Patrick J. Simpson, Thomas E. Stitzel, Thomas C. Theobald, Anne-Lee Verville, and Richard L. Woolworth) and the named Independent Trustees of the Columbia Acorn Trust Registrants (Margaret Eisen, Leo A. Guthart, Jerome Kahn, Jr., Steven Kaplan, David Kleinman, Allan Muchin, Robert R. Nason, and John A. Wing). [*8]

n2 The Columbia Defendants consist of FleetBoston Financial Corporation, n/k/a Bank of America Corporation, Columbia Management Group, Inc., Columbia Management Advisers, Inc., Columbia Wanger Asset Management, L.P., Columbia Funds Distributor, Inc., Charles P. McQuaid, Ralph Wanger, the Columbia Funds Trust and the Columbia Funds. The Columbia

Get a Document by Citation - 2005 U.S. Dist. LEXIS 33439 Page 8 of 17

Case 1:04-cv-11600-NG   Document 119-4   Filed 02/09/2006   Page 8 of 47

Defendants have stated that they may be willing to accept service on behalf of the individual named defendants, who are current or former employees of the Columbia Defendants. These individual defendants, who have not yet been served, are Joseph R. Palombo, J. Kevin Connaughton, P. Zachary Egan, Kevin S. Jacobs, Kenneth A. Kalina, Bruce H. Lauer, Jean Loewenberg, Robert A. Mohn, Louis J. Mendes, Todd Narter, Christopher Olson, Jon H. Park, Vincent P. Pietropaolo, Joseph Turo, and Leah J. Zell.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

On October 28, 2005, the Independent Trustee Defendants filed their Reply Memorandum in Support of the Independent Trustee Defendants' Motion to Dismiss. (Docket No. 72.) On October 31, 2005, the Columbia Defendants then filed a Reply Brief in Support of their Motion [*9] to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint. (Docket No. 75.) On that same date, plaintiffs filed their Reply Memorandum of Law in Further Support of Their Renewed Motion for Appointment of Co-Lead Counsel and Appointment of Liaison Counsel. (Docket No. 74.) On November 4, 2005, plaintiffs filed a Supplemental Memorandum of Law Addressing Additional Authority Cited for the First Time in Defendants' Replies to Plaintiffs' Opposition to Defendants' Motions to Dismiss. (Docket No. 79.) On November 9, 2005, defendants responded by filing their Reply Memorandum of Law in Further Support of Their Motion for Stay of Class and Other Discovery. (Docket No. 81.) The parties argued the pending motions before me on November 10, 2005, and November 15, 2005.

Plaintiffs claim to represent all persons or entities who held one or more shares or other units of the eighty-one Columbia Funds during the period from August 2, 1999, through March 22, 2004, inclusive (the "Class Period"), and who were damaged by defendants' improper actions. Plaintiffs allege that defendants used Columbia Fund investor assets to pay kickbacks to brokerages in exchange for the brokerages' directing [*10] of their clients toward the Columbia Funds. Defendants refer to this practice as buying "shelf space" at brokerages including UBS Financial Services, Inc., Morgan Stanley, American Express, A.G. Edwards, Linsco Private Ledger, Janney Montgomery Scott, RBC Dain Rauscher, Wells Fargo, Chase Investment Services Corp., FSC Securities Corporation, SunAmerica Securities, Bank One, Salomon Smith Barney, and Wachovia Securities. Plaintiffs also allege that defendants paid brokerages to push the Columbia Funds through the use of directed brokerage, which plaintiffs define as awarding a brokerage firm the business and resulting commissions for conducting transactions of the Funds' underlying securities. Plaintiffs contend that they were harmed by these practices because defendants charged them excessive fees in order to provide these payments to brokerages and because the investment advisers faced conflicts of interest that did not permit them to act in plaintiffs' best interests.

Plaintiffs bring eight counts against defendants. Count I is brought on behalf of the class against the Columbia Distributor and the investment advisers, trustees, and officers of the Columbia Funds for violations [*11] of Section 34(b) of the Investment Company Act ("ICA"), 15 U.S.C. §§ 80a-1(a) et seq. Count II is brought on behalf of the class against the Columbia Distributor and the investment advisers, trustees, and officers of the Columbia Funds for violations of Section 36(a) of the ICA. Count III is brought on behalf of the class against the Columbia Distributor and the investment advisers, trustees, and officers of the Columbia Funds for violations of Section 36(b) of the ICA. Count IV is brought on behalf of the class against the investment advisers of the Columbia Funds for violations of Section 48 (a) of the ICA. Count V is brought derivatively on behalf of the Columbia Funds against the investment advisers of the Columbia Funds under Section 215 of the Investment Advisers Act ("IAA"), 15 U.S.C. §§ 80b-1(a) et seq., for violations of Section 206 of the IAA. Count VI is brought on behalf of the class against the investment advisers of the Columbia Funds for breach of fiduciary duty. Count VII is brought on behalf of the class against the trustees and officers of the Columbia Funds for breach of fiduciary duty. Count VIII is brought [*12] on

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 32439    Page 9 of 17

Case 1:04-cv-11600-NG    Document 119-4    Filed 02/09/2006    Page 9 of 17

behalf of the class against all defendants for unjust enrichment.

### III. Analysis

After hearing the parties' arguments at the hearings before me on November 10, 2005, and November 15, 2005, I have determined that I must first consider defendants' motions to dismiss before addressing the other motions pending in this case.

### A. Defendants' Motions to Dismiss

Since defendants raise many of the same arguments in their separate motions to dismiss, I will consider their motions together. I will address each count in turn below.

### 1. Standard of Review

*HN1* A district court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)). A court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiffs favor, and determine whether the complaint, so read, [pleads] [*13] facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Insurance Co., 142 F.3d 507, 508 (1st Cir. 1998). In addition, *HN2* in applying the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure of a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a court "should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66-68 (1st Cir. 2004) (quoting Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)) (internal quotation marks omitted).

### 2. Count I

Count I is brought pursuant to Section 34(b) of the ICA, which provides in full:

> *HN3* It shall be unlawful for any person to make any untrue statement of a material fact in any registration statement, application, report, account, record, or other document filed or transmitted pursuant to this subchapter or the keeping of which is required pursuant to [Section 31(a) of the ICA.] It shall be unlawful for any person so filing, [*14] transmitting, or keeping any such document to omit to state therein any fact necessary in order to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading. For the purposes of this subsection, any part of any such document which is signed or certified by an accountant or auditor in his capacity as such shall be deemed to be made, filed, transmitted, or kept by such accountant or auditor, as well as by the person filing, transmitting, or keeping the complete document.

15 U.S.C. § 80a-33(b).

Defendants' first argument in favor of dismissing Count I is that this count should have been brought derivatively rather than directly. Plaintiffs have brought seven of the eight counts of this cause of action as class actions rather than derivative actions. *HN4* A claim can only be brought on behalf of a class if it is direct. The determination of whether a claim is direct or

derivative is governed by the law of the state of incorporation. Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000). Each of the Columbia Funds takes the form of either a Massachusetts business **[*15]** trust or a corporation organized under Oregon law, so Massachusetts and Oregon law apply. *HN5* Under the laws of both Massachusetts and Oregon, a claim is direct only where the shareholder alleges an injury distinct from that suffered by shareholders generally, or the alleged wrong involves a contractual right of shareholders, such as the right to vote. Id. at 683; Loewen v. Galligan, 130 Ore. App. 222, 882 P.2d 104, 111-12 (Or. Ct. App. 1994).

I have stated previously that *HN6* the basic distinction between a derivative claim and a direct claim is that, in the former, "the right flows from the breach of a duty owed by the defendants to the corporation," and, in the latter, "the right flows from the breach of duty owed directly to the plaintiff independent of the plaintiffs status as a shareholder, investor, or creditor of the corporation." Blasberg v. Oxbow Power Corp., 934 F. Supp. 21, 26 (D. Mass. 1996). In Blasberg, I elaborated that, "if a plaintiff alleges mismanagement of funds, embezzlement or breach of fiduciary duty resulting in a diminution of the value of the corporate stock or assets, the claim is one held by the corporation itself, and **[*16]** is thus derivative if brought by an investor.... In contrast, if a plaintiff alleges that she, as an individual investor, was misled or defrauded in the purchase of her investment, this kind of claim is a 'direct' one." Id. In a derivative action, the corporation is the party that sustained the injury and any judgment paid on such a claim would be paid to the corporation. Id. In contrast, in a direct action, the injury is suffered by the individual investor, and he is the party who receives any judgment. Id. (stating that the fact that "many investors might have been misled...or that the plaintiff might only be minimally injured, does not convert the claim to a derivative one"). After these explanations, I concluded that the claim at issue in Blasberg, in which the plaintiff alleged that a general partner's excessive payments to affiliated entities was a breach of the general partner's fiduciary duty, was a derivative claim. Id. at 27-28 (stating that "the injury in this case is a diminution of the value of the assets of the Partnership due to excessive payouts to third parties, rather than a diminution of the value of distributions to the [plaintiff] **[*17]** as an investor").

This analysis at first suggests that plaintiffs entire claim, rather than just Count V, should have been brought as a derivative action. Although the relief that plaintiffs request is payment to the individual investors, rather than payment to the corporation, the Columbia Funds were the entities that suffered the injury. The plaintiffs suffered injury only by virtue of their status as investors, and thus the claim arises out of a breach of fiduciary duty to the Columbia Funds, rather than to the investors individually. Plaintiffs' allegations refer to excessive fees paid out of the assets of the Columbia Funds, and plaintiffs' counsel conceded at the hearing on November 15, 2005, that the payments at issue came from the Columbia Funds. Although these assets originated in part from the payments of the individual investors, and their use may lead to a diminution in the value of those investors' investments, these claims at first appear to be derivative actions by definition.

The Supreme Court, however, has stated that *HN7* courts should not apply state law to determine whether a claim is direct or derivative if "the particular state law in question is inconsistent with **[*18]** the policies underlying the federal statute." Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 108, 111 S. Ct. 1711, 114 L. Ed. 2d 152 (1991). This means that the basic framework for determining whether a suit is direct or derivative is the following: first, a court must apply state law to determine whether an action should be brought directly or derivatively. Second, a court must ensure that the conclusion reached under state law is consistent with the policies underlying the federal statute creating the cause of action. Only if the conclusion is consistent can the court stand by the decision made in the first stage of this inquiry.

In Kamen, the Court referred with approval to Daily Income Fund, Inc. v. Fox, 464 U.S. 523,

540-41, 104 S. Ct. 831, 78 L. Ed. 2d 645 (1984). In Fox, the Court held that, [HN8] due to the purposes of the statute, Section 36(b) of the ICA provided for a direct action to be brought by a shareholder, rather than for a derivative action to be brought on behalf of the corporation. Id. The Court elaborated that, regardless of state law, Section 36(b) did not provide for a derivative action because the right of action was not one that could [*19] be asserted by the corporation itself. Id. at 528-29. Applying this logic, along with the above analysis as to the fundamental differences between direct and derivative actions, it appears that some of plaintiffs' claims should have been brought as derivative actions, while others were correctly brought as direct actions.

In a case considering whether plaintiffs can bring a direct action under Section 34(b), a court on the Southern District of New York held that the determination of whether the suit was derivative or direct was correctly decided by state law. See In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation, 272 F. Supp. 2d 243, 259 (S.D.N.Y. 2003) (applying Maryland law in an action against a mutual fund brought by investors alleging nondisclosure of conflicts). In Merrill Lynch, the court also considered whether there was a private right of action and based its decision that there was not such a right on the fact that "Congress had the opportunity to create a private cause of action under Section 34(b) in 1970 when it amended Section 36(b) to include such a right, but [Congress] chose to forego such an addition. [*20] " Id. at 258. This distinction between the two sections of the ICA suggest that the Supreme Court's finding that Section 36(b) provides for direct actions does not automatically mean that Section 34(b) does as well. I must therefore apply Massachusetts and Oregon law, both of which permit a direct action only if the shareholder alleges an injury distinct from that suffered by shareholders generally, or the alleged wrong involves a contractual right of shareholders. See Lapidus, 232 F.3d at 682; Loewen, 882 P.2d at 111-12. The analysis under these states' laws is the same as that applied in Blasberg. 934 F. Supp. at 26. [HN9] Section 34(b) prohibits untrue statements or omissions, both of which harm the corporation, rather than the individual shareholders as such. Plaintiffs are not alleging in Count I that they were individually defrauded in the purchase of their investments, see Blasberg, 934 F. Supp. at 26, but are rather alleging that the defendants to that count misrepresented their use of the Columbia Funds' assets, which in turn caused injury to the Columbia Funds themselves. Plaintiffs therefore should [*21] have brought Count I as a derivative claim.

[HN10] Once an action has been determined to be a derivative action, plaintiffs are generally required to make demand on the corporation before bringing the suit on their own. See Fed. R. Civ. P. 23.1 (requiring the complaint to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority, and, if necessary, from the shareholders or members"). Both Massachusetts and Oregon have laws establishing this demand requirement. Mass. Gen. L. ch. 156D, § 7.42; O.R.S. § 60.261. Whereas Oregon law allows for waiver of the demand requirement when such demand would be futile, O.R.S. § 60.261, Massachusetts law does not, Mass. Gen. L. ch. 156D, § 7.42 (Massachusetts universal demand statute that went into effect on July 1, 2004, before any of the consolidated actions in this case were filed). Under Massachusetts law, "demand must be made prior to the commencement of every derivative case, whether or not the directors are independent with respect to the matter subject to the demand." ING Principal Protection Funds Derivative Litigation, 369 F. Supp. 2d 163, 170 (D. Mass. 2005) [*22] (quoting Demoulas v. Demoulas Super Markets, Inc., 2004 Mass. Super. LEXIS 286, No. 033741 BLS, 2004 WL 1895052, *1 n.3 (Mass. Super. Aug. 2, 2004)).

Plaintiffs concede that they have not made demand on any of the defendants in this action, but they claim that demand would be futile and is thus not required. This argument is without merit with reference to the defendants organized under Massachusetts law since [HN11] the Massachusetts universal demand statute does not waive the demand requirement for futility, see supra, and since the Massachusetts universal demand statute is likely not limited

to corporations. See ING Principal Protection Funds, 369 F. Supp. 2d at 171 (stating that the federal district court "believes that Massachusetts courts will apply the requirement of universal, pre-suit demand to derivative actions brought on behalf of business trusts," and thus rejecting the argument that the statute applies only to corporations). The Order below dismisses Count I as to the defendants organized under Massachusetts law.

In contrast to Massachusetts courts, Oregon courts have found that demand is futile if

> the facts alleged show that the defendants charged with the wrongdoing, [*23] or some of them, constitute a majority of the directors or managing body at the time of commencing the suit, or that the directors or a majority thereof are still under the control of the wrongdoing defendants [or] if the plaintiff's pleading discloses any other condition of fact which renders it reasonably certain that a suit by the corporation would be impossible and that a demand therefore would be nugatory.

Wills v. Nehalem Coal Co., 52 Ore. 70, 87-88, 96 P. 528 (1908). In this case, plaintiffs' pleadings disclose a situation where, if plaintiffs' allegations of wrongdoing are true, demand would likely be nugatory. Therefore, plaintiffs are hereby excused from the demand requirement for Count I as to the defendants organized under Oregon law, and I will not yet dismiss Count I as to these defendants.

Defendants' next ground for dismissal of Count I is that plaintiffs lack standing to bring these claims because the five named plaintiffs own shares of only two of the mutual funds that are defendants in this case. HN12 Rule 23.1 of the Federal Rules of Civil Procedure requires the complaint to show that the plaintiff was a shareholder "at the time of the transaction [*24] of which the plaintiff complains," Fed. R. Civ. P. 23.1, and provides that the action "may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Id. I held previously in Nenni v. Dean Witter Reynolds, Inc., 1999 U.S. Dist. LEXIS 23351, at *5-6 (D. Mass. Sept. 29, 1999), that ownership of shares in a limited number of defendants can only confer standing against those specific defendants. Id. Although Nenni dealt with a class action suit under the Securities Act of 1933 and the Securities and Exchange Act of 1934, the reasoning in that case is equally applicable to a derivative suit. Whereas the named plaintiffs in class actions are responsible for representing all other members of a class, see id. 1999 U.S. Dist. LEXIS 23351, at *6 (referring to the class of people created by plaintiff), the plaintiffs in derivative actions are responsible for acting on behalf of a corporation.

If plaintiffs are not shareholders of the corporation on whose behalf they are acting, they are by definition not achieving the goal of the [*25] derivative action, which is to represent the interests of the shareholders and, by extension, the corporation as a whole. Accord Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 732-36 (3d Cir. 1970) (holding that a shareholder in four mutual funds did not have standing to bring a derivative action against other similarly situated mutual funds); Herman v. Steadman, 50 F.R.D. 488, 489-90 (S.D.N.Y. 1970) (holding that a shareholder of one mutual fund did not have standing to bring a derivative action against other similarly situated funds). The Order below dismisses Count I as to all defendants other than Columbia Acorn Fund and Columbia Acorn Select Fund because plaintiffs owned shares in both. Since both of these funds are Massachusetts business trusts, the Order below dismisses Count I against them. Thus, the Order below dismisses Count I in

its entirety.

### 3. Count II

Count II is brought pursuant to Section 36(a) of the ICA, which provides in full:

> HN13 The [Securities and Exchange] Commission is authorized to bring an action in the proper district court of the United States, or in the United States court of any territory or [*26] other place subject to the jurisdiction of the United States, alleging that a person serving or acting in one or more of the following capacities has engaged within five years of the commencement of the action or is about to engage in any act or practice constituting a breach of fiduciary duty involving personal misconduct in respect of any registered investment company for which such person so serves or acts -
>
> (1) as officer, director, member of any advisory board, investment adviser, or depositor; or
>
> (2) as principal underwriter, if such registered company is an open-end company, unit investment trust, or face-amount certificate company. If such allegations are established, the court may enjoin such persons from acting in any and all capacities either permanently or temporarily and award such injunctive or other relief against such person as may be reasonable and appropriate in the circumstances, having due regard to the protection of investors and to the effectuation of the policies declared in [Section 2 of the ICA.]

15 U.S.C. § 80a-35(a). Although HN14 Section 36(b) provides in part that "an action may be brought under this [Section [*27] 36] by the Commission, or by a security holder of such registered investment company on behalf of such company," 15 U.S.C. § 80a-35(b), plaintiffs have already brought a separate count pursuant to Section 36(b). From the wording of these two parts of Section 36, it appears that investors need only bring an action pursuant to *either* Section 36(a) or Section 36(b). If investors bring their action pursuant to Section 36(a), which provides a right of action for the Securities and Exchange Commission, the court can read Section 36(b) to infer a private right of action. If investors have also brought an action pursuant to Section 36(b), however, the 36(a) action is merely redundant. The Order below dismisses Count II against all defendants because plaintiffs have already brought an action pursuant to Section 36(b). See infra Section III(A)(4).

### 4. Count III

Count III is brought pursuant to Section 36(b) of the ICA. Defendants' first argument in favor of dismissing Count III is that this count should have been brought derivatively rather than directly. HN15 Section 36(b), however, explicitly provides for a private right of action, see supra Section [*28] III(A)(2), and the Supreme Court in Fox, 464 U.S. at 540-41, held that this section provides for a direct, not a derivative, action. See supra Section III(A)(2). Plaintiffs correctly brought Count III as a direct action.

Defendants' next argument in favor of dismissing Count III is that plaintiffs lack standing to bring these claims because the five named plaintiffs own shares of only two of the mutual funds that are defendants in this case. Although the analysis of this argument is similar to that for Count I, cf. supra Section III(A)(2), there has recently been greater inconsistency among courts in their approach to deciding whether a named plaintiff in a class action, rather than in a derivative action, must own shares in all of the defendants' funds. Some courts in

other circuits have deferred ruling on this issue at the motion to dismiss stage, see In re Mutual Funds Investment Litigation, 384 F. Supp. 2d 845, 853 n.4 (D.Md. 2005) (stating that, although plaintiffs' standing argument may be correct, the court would defer ruling on the issue "in the interest of efficient management of this litigation"), or have conflated this issue with [*29] the determination of whether to certify a class, see In re Dreyfus Aggressive Growth Mutual Fund Litigation, 2000 U.S. Dist. LEXIS 13469 *8 (S.D.N.Y. Sept. 19, 2000) (stating that courts "have repeatedly held that on allegations such as these, class representatives need not have invested in each security so long as the plaintiffs have alleged a single course of wrongful conduct with regard to each security. Courts have not addressed this concern vis a vis the doctrine of standing, but rather have examined such concerns pursuant to Rule 23(a)(3)'s typicality requirement"). Such deferral does not appear to me to be necessary in this case, however. Courts in this circuit have held that HN16 ownership of shares in a limited number of defendant mutual funds is *not* sufficient to confer standing against all funds, regardless of the similarity of the alleged wrongful conduct. See In re Eaton Vance Corp. Securities Litigation, 219 F.R.D. 38, 40-41 (D. Mass. 2003) (granting a motion to dismiss in a class action for lack of standing as to two defendant funds when "the named plaintiffs never purchased shares in or conducted any other business with two of the four [*30] funds"); see also Nenni v. Dean Witter Reynolds, Inc. 1999 U.S. Dist. LEXIS 23351 at *5-6. The Order below therefore dismisses Count III for lack of standing against all defendants except Columbia Acorn Fund and Columbia Acorn Select Fund, the two funds in which plaintiffs owned shares.

Having determined that plaintiffs have standing to bring a class action against Columbia Acorn Fund and Columbia Acorn Select Fund, I will now look to the merits of Count III to determine whether plaintiffs have failed to state a claim upon which relief may be granted. Section 36(b) provides in part that HN17 "the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services" paid by the investment company or its security holders. 15 U.S.C. § 80a-35(b). HN18 Although the statute provides that, in an action by a security holder against the adviser or affiliate, "it shall not be necessary to allege or prove that any defendant engaged in personal misconduct," the statute also provides that "the plaintiff shall have the burden of proving a breach of fiduciary duty." Id. In Gartenberg v. Merrill Lynch Asset Management, Inc., 694 F.2d 923 (2d Cir. 1982), [*31] the Second Circuit discussed the factors to be considered in determining whether a fee was "so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining." Id. at 928. The Second Circuit ruled that, in passing Section 36(b), Congress "intended that the court look at all the facts in connection with the determination and receipt of such compensation, including all services rendered to the fund or its shareholders and all compensation and payments received, id. at 930, and that the "expertise of the independent trustees of a fund, whether they are fully informed about all facts bearing on the adviser-manager's service and fee, and the extent of care and conscientiousness with which they perform their duties" are some of the many factors to be considered, id. The Second Circuit ultimately affirmed the dismissal of the complaint by money market fund shareholders for breach of fiduciary duties due to excessive compensation paid to the adviser because consideration of all relevant factors failed to show that the compensation was disproportionate. Id. at 933. [*32]

Plaintiffs are still at the motion to dismiss stage, and I must therefore accept their factual allegations as true. See supra Section III(A)(1). Plaintiffs here, however, do not allege that the defendants themselves received compensation of any sort, as required by Section 36(b). Instead, they allege that defendants *paid* kick-backs and other incentives out of the Columbia Fund assets. Although this allegation, if true, may have acted to the detriment of the assets of the funds, such payments, even if undisclosed, are not a breach of the fiduciary duty protected by Section 36(b). Thus, plaintiffs' remaining claims under Count III against Columbia Acorn Fund and Columbia Acorn Select Fund do not state a claim for the

disproportionate compensation prohibited by Section 36(b). The Order below dismisses Count III in its entirety.

### 5. Count IV

Count IV is brought pursuant to Section 48(a) of the ICA, which provides in full that HN19 "it shall be unlawful for any person, directly or indirectly, to cause to be done any act or thing through or by means of any other person which it would be unlawful for such person to do under the provisions of this subchapter or any rule, [*33] regulation, or order thereunder." 15 U.S.C. § 80a-47(a). HN20 By its wording, then, Section 48(a) requires an underlying violation to uphold a "procurement" violation. See In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Securities Litigation, 848 F. Supp. 527, 545 (D. Del. 1994) (finding potential liability under Section 48(a) if the court finds "that the transactions at issue in the Complaint were undertaken illegally between 'affiliated' entities" and the defendants procured this illegality). Since the underlying violations are plaintiffs' first three counts, all of which the Order below dismisses, the Order below also dismisses Count IV for failure to state a claim upon which relief can be granted.

### 6. Count V

Count V is brought derivatively on behalf of the Columbia Funds under Section 215 of the IAA for violations of Section 206 of the IAA. Section 215 provides in relevant part:

> HN21 Every contract made in violation of any provision of this subchapter and every contract heretofore and hereafter made, the performance of which involves the violation of any provision of this subchapter, [*34] or any rule, regulation, or order thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, regulation, or order, shall have made or engaged in the performance of any such contract, and (2) as regards the rights of any person who, not being a party to such contract, shall have acquired any rights thereunder with actual knowledge of the facts by reason of which the making or performance of such contract was in violation of any such provision.

15 U.S.C. § 80b-15(b). Section 206 provides in relevant part that HN22 "it shall be unlawful for any investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly... to employ any device, scheme, or artifice to defraud any client or prospective client." 15 U.S.C. § 80b-6.

Count V is the only count that plaintiffs originally filed as a derivative action. Defendants do not contend that this action should have been brought directly, and my analysis of the derivative nature of plaintiffs' other counts, see supra Section III(A)(2), suggests that plaintiffs rightly brought this count [*35] on behalf of Columbia Funds. As explained above, see supra Section III(A)(2), plaintiffs were not excused from making demand on any of the funds that were Massachusetts business trusts, but they were excused from making demand on those that were organized under Oregon law. The Order below dismisses Count V as to the defendants organized under Massachusetts law.

Defendants argue that plaintiffs lack standing to bring this count against any fund other than Columbia Acorn Fund and Columbia Acorn Select Fund. As explained above, see supra Section III(A)(2), plaintiffs' ownership of only two of the eighty-one defendants' shares prevents plaintiffs from bringing a claim against the other seventy-nine. Since Columbia Acorn Fund and Columbia Acorn Select Fund are both Massachusetts business trusts, The Order below dismisses Count V in its entirety.

Get a Document by Citation - 2005 U.S. Dist. LEXIS 23439
Case 1:04-cv-11600-NG Document 119-43 Filed 02/09/2006 Page 16 of 17
Page 16 of 17

### 7. Count VI

Count VI is brought on behalf of the class against the investment advisers of the Columbia Funds for breach of fiduciary duty. This count should have been brought as a derivative suit because, if the investment advisers owe any fiduciary duty, which itself is questionable, it is to the Columbia Funds themselves, **[*36]** and not to the investors in those funds. See Jernberg v. Mann, 358 F.3d 131, 135 (1st Cir. 2004) (stating that, under Massachusetts law, "while it is sometimes said that directors and officers owe a fiduciary duty to the corporation and its shareholders, any responsibility to the latter is anchored in the duty to the former... A director or officer of a corporation does not occupy a fiduciary relation to individual stockholders") (internal citations omitted); Lee v. Mitchell, 152 Ore. App. 159, 172-77, 953 P.2d 414 (Or.Ct. App. 1998) (limiting the situations in which directors owe a fiduciary duty directly to shareholders to those where the claim could not have been brought derivatively). Plaintiffs must therefore show that they were excused from making demand on the Columbia Funds, and, as explained above, see supra Section III(A)(ii), demand futility only applies to defendants organized under Oregon law. Therefore, the Order below dismisses Count VI as to the defendants organized under Massachusetts law.

Furthermore, plaintiffs do not have standing to bring Count VI against the remaining defendants, in which plaintiffs have not invested, see supra **[*37]** Section III(A)(2). Therefore, the Order below dismisses Count VI in its entirety.

### 8. Count VII

Count VII is brought on behalf of the class against the trustees and officers of the Columbia Funds for breach of fiduciary duty. These defendants owe a duty only to the Columbia Funds, see supra Section III(A)(7), so plaintiffs should have brought this count derivatively on behalf of the funds in which they were invested. Thus, for the same reasons as stated in Section III(A)(7) supra, the Order below dismisses Count VII in its entirety.

### 9. Count VIII

Count VIII is brought on behalf of the class against all defendants for unjust enrichment. This count should also have been brought as a derivative suit because the alleged unjust enrichment was an injury suffered by the Columbia Funds, in which they were invested, whose assets were used to pay the compensation. See supra Section III(A)(ii). For the same reasons as stated in Section III(A)(7) supra, the Order below dismisses Count VIII in its entirety.

Having concluded that all eight counts of plaintiffs' complaint are to be dismissed, the Order below allows Columbia Defendants' Motion to Dismiss **[*38]** and the Independent Trustee Defendants' Motion to Dismiss. It dismisses all other motions as moot.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiffs' Renewed Motion for Appointment of Co-Lead Counsel and Appointment of Liaison Counsel (Docket No. 32) is DISMISSED AS MOOT;

(2) Plaintiffs' Motion for Class Certification (Docket No. 36) is DISMISSED AS MOOT;

(3) The Independent Trustee Defendants' Motion to Dismiss (Docket No. 48) is ALLOWED;

(4) Columbia Defendants' Motion to Dismiss (Docket No. 56) is ALLOWED;

(5) Plaintiffs' Motion for Entry of Plaintiffs' Proposed Schedule for Class Certification and Commencement of Discovery (Docket No. 63) is DISMISSED AS MOOT;

(6) Defendants' Motion for Stay of Class and Other Discovery (Docket No. 68) is DISMISSED AS MOOT; and

(7) The Clerk is instructed to enter a Final Judgment for defendants.

/s/ Robert E. Keeton

Senior United States District Judge

**Final Judgment**

November 30, 2005

For the reasons stated in the Memorandum and Order of this date, it is ORDERED:

(1) Judgment for defendants.

(2) This case is now closed.

Approved:

/s/ Robert E. Keeton

Senior United States District Judge **[*39]**

Service: **Get by LEXSEE®**
Citation: **2005 U.S. Dist. LEXIS 33439**
View: Full
Date/Time: Wednesday, February 8, 2006 - 6:04 PM EST



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.