## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) | Civil Action No. 04cv11600 (MBB) |
| Plaintiff, | ) ) | **Consolidated Case Nos.:** |
| vs. | ) ) ) | 04cv11642 04cv11709 |
| FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al., | ) ) ) | 04cv11735 04cv11812 |
| Defendants. | ) ) | |

## PLAINTIFFS' ASSENTED-TO MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiffs respectfully move this Court for leave to submit the recent decision of *In re Oppenheimer Funds Fees Litigation*, No. 04-7022, slip op. (S.D.N.Y. Mar. 10, 2006) ("*Oppenheimer*")(attached as Exhibit A) which further supports Plaintiffs' claim under Section 36(b) of the Investment Company Act ("Section 36(b)"). In *Oppenheimer*, a case with a theory of recovery under Section 36(b) similar to this case, Judge Rakoff sustained the plaintiffs' Section 36(b) claim against the investment advisers. In so ruling, Judge Rakoff acknowledged that the Federal Rules of Civil Procedure require only notice pleading to survive dismissal when he held that that the plaintiffs' Section 36(b) allegations met the "minimal pleading requirements of Rule 8(a)." *Id*. at 7.

In this case, Defendants have submitted authority from the Southern District of New York to argue that Plaintiffs' Section 36(b) claim should not be sustained. *See In re Goldman Sachs Mut. Funds Fee Litig.*, No. 04-2567, 2006 U.S. Dist. LEXIS 1542 (S.D.N.Y. Jan. 17, 2006); *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp. 2d 310 (S.D.N.Y. 2005) (decision on reconsideration);

*In re Davis Selected Mut. Funds Litig.*, No. 04-4186, 2005 U.S. Dist. LEXIS 23203 (S.D.N.Y. Oct. 11, 2005); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222 (S.D.N.Y. 2005)(motion to dismiss).[1]  Judge Rakoff, however, sustained the plaintiffs' Section 36(b) claims despite the fact that these other Southern District of New York Judges had dismissed Section 36(b) claims based on similar theories.  In sustaining the plaintiffs' Section 36(b) claims, Judge Rakoff chose to consider the factual allegations underlying the plaintiffs' Section 36(b) claim independently of these other opinions.

While Judge Rakoff also dismissed the balance of the plaintiffs' claims, Plaintiffs disagree with these other rulings for the same reasons as explained in Plaintiffs' Opposition to Defendants' Motions to Dismiss and submissions of supplemental authority.

For the foregoing reasons, Plaintiffs respectfully request leave to submit the attached supplemental authority in support of their pending Opposition to Defendants' Motions to Dismiss.

Dated:  March 28, 2006                    Respectfully submitted,
                                          **MOULTON & GANS, P.C.**

                                          By:   /s/ Nancy Freeman Gans_____
                                               Nancy Freeman Gans (BBO #184540)
                                          55 Cleveland Road
                                          Wellesley, MA 02481
                                          (781) 235-2246

                                          ***Liaison Counsel for Plaintiffs***

---

[1]  In another mutual funds excessive fee case in the Southern District of New York, Judge Kram agreed with the plaintiffs' theory of recovery by initially upholding the plaintiffs' Section 36(b) claim.  *In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, No. 04-4885, 2005 U.S. Dist. LEXIS 24263 (S.D.N.Y. Oct. 19, 2005).  Although Judge Kram later reversed her ruling and dismissed the plaintiffs' Section 36(b) claims, she did not disagree with the plaintiffs' theory of recovery but rather held that the plaintiffs had not pled facts within the correct time period.  *See In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, No. 04-4885, 2006 U.S. Dist. LEXIS 939 (S.D.N.Y. Jan. 11, 2006).  In light of this ruling, the plaintiffs in that case submitted a motion for leave to amend their complaint which is currently pending before Judge Kram.

**MILBERG WEISS BERSHAD**
  **& SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
One Pennsylvania Plaza
New York, NY  10119-0165
(212) 594-5300

**STULL, STULL & BRODY**
Jules Brody
Mark Levine
6 East 45th Street
New York, NY  10017
(212) 687-7230

**SCOTT + SCOTT, LLC**
Arthur L. Shingler, III
Wells Fargo Building
401 B Street, Suite 307
San Diego, CA  92101
(619) 233-4565

*Tri-Lead Counsel for Plaintiffs*

## LOCAL RULE 7.1 CERTIFICATE

I, Nancy Freeman Gans, hereby certify that on March 20, 2006, I conferred by telephone with James Dittmar, Esq., Goodwin Proctor LLP, counsel for the Fidelity Defendants, who assented to this motion on behalf of all defendants.

/s/ Nancy F. Gans
Nancy F. Gans

## <u>CERTIFICATE OF SERVICE</u>

I, Anna C. Dover, hereby certify that I served a copy of the foregoing document upon counsel for all parties by mailing a copy of the same, postage prepaid, to each attorney of record, this 28th day of March, 2006.

/s/ Anna C. Dover_____
Anna C. Dover