UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>Defendants. | Civil Action No. 04cv11600 (NG) (MBB)<br><br>**Consolidated Case Nos.:**<br><br>04cv11642<br>04cv11709<br>04cv11735<br>04cv11812 |

### FIDELITY DEFENDANTS' ASSENTED-TO MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Fidelity Management & Research Company, FMR Co., Inc., FMR Corp., Fidelity Distributors Corporation, Edward C. Johnson 3d, Abigail P. Johnson, Peter S. Lynch, Laura B. Cronin, Robert L. Reynolds and Robert C. Pozen (together, the "Fidelity Defendants") move for leave to submit supplemental authorities in further support of their motion to dismiss the Consolidated Amended Class Action Complaint. Plaintiffs have assented to this motion.[1] The Fidelity Defendants state as follows:

On October 3, 2005, plaintiffs filed their Consolidated Amended Class Action Complaint. On December 5, 2005, all defendants, including the Fidelity Defendants, filed motions to dismiss together with memoranda of law citing authorities. On January 19, 2006, plaintiffs filed their opposition to these motions, and on February 9, 2006, defendants filed reply memoranda.

On May 9, 2006, the parties filed a stipulation dismissing a number of plaintiffs' claims. The dismissed claims are (i) the claim under § 215 of the Investment Advisers Act of 1940 for

---

[1] Plaintiffs' assent to the motion is without prejudice to any argument relating to the supplemental authorities.

violation of § 206 of the Advisers Act (Count V); all of the state law claims (Counts VI-VIII); and the claim under § 36(b) of the Investment Company Act of 1940 ("ICA") to the extent asserted against the Trustee Defendants[2] (Count III).

By virtue of the stipulation of dismissal only four claims remain:

- Count I - §34(b) of the ICA against Fidelity Management & Research Co. ("FMR"), FMR Co., Inc. ("FMRC"), Fidelity Distributors Corporation ("FDC") and the Trustee Defendants;

- Count II - § 36(a) of the ICA against FMR, FMRC, FDC and the Trustee Defendants;

- Count III - § 36(b) of the ICA against FMR, FMRC and FDC; and

- Count IV - § 48(a) of the ICA against FMR Corp., the Trustee Defendants and the Johnson Family Group[3].

Subsequent to completion of briefing on defendants' motions to dismiss, several decisions have been rendered by district courts on motions to dismiss in cases virtually identical to the present case.[4] Those decisions directly address the claims remaining in this case and provide additional support for granting defendants' motions to dismiss all remaining claims. Those recent authorities (the "supplemental authorities") include:

- *In re Oppenheimer Funds Fees Litig.*, 419 F.Supp.2d 593 (S.D.N.Y. Mar. 10, 2006) (Rakoff, J.) (Tab 1A), and decision on reconsideration, ___ F.Supp.2d ___, 2006 WL 864574 (S.D.N.Y. Apr. 5, 2006) (Rakoff, J.) (Tab 1B).

- *In re Evergreen Mutual Funds Fee Litig.*, ___ F.Supp.2d ___, 2006 WL 753000 (S.D.N.Y. Mar. 24, 2006) (Sweet, J.) (Tab 2).

---

[2] The Trustee Defendants are Edward C. Johnson 3d (referred to in the Consolidated Amended Class Action Complaint as "Ned Johnson"), Abigail Johnson, Peter S. Lynch, Laura B. Cronin, Robert L. Reynolds, Robert C. Pozen, J. Michael Cook, Ralph F. Cox, Robert M. Gates, Donald J. Kirk, Marie L. Knowles, Ned C. Lautenbach, Marvin L. Mann, William O. McCoy, William S. Stavropoulos, George H. Heilmeier, and Gerald C. McDonough. On October 20, 2005, plaintiffs dismissed their claims against defendant J. Gary Burkhead.

[3] The Johnson Family Group includes defendants Edward C. Johnson 3d and Abigail Johnson. On October 20, 2005, plaintiffs dismissed defendants Edward C. Johnson IV and Elizabeth L. Johnson.

[4] Those cases are prosecuted by lead counsel who are lead counsel in the present case and assert claims that are identical to the claims in this case against defendants allegedly playing the same roles in other mutual fund families as the roles played in the Fidelity fund family by defendants here.

- *In re BlackRock Mutual Funds Fee Litig.*, No. 04-164, 2006 U.S. Dist. LEXIS 13846 (W.D. Pa. Mar. 29, 2006) (McVerry, J.) (Tab 3).

- *In re Dreyfus Mutual Funds Fee Litig.*, ___ F.Supp.2d ___, 2006 WL 909434 (W.D. Pa. Apr. 10, 2006) (Lancaster, J.) (Tab 4).

The supplemental authorities reflect holdings directly supporting the arguments previously raised by defendants here in support of their motions to dismiss. Those holdings are: (i) that no private right of action exists for claims under §§34(b), 36(a) and 48(a) of the ICA; and (ii) that plaintiffs' claims under §§34(b), 36(a), 36(b) and 48(a) of the ICA may only be brought derivatively to benefit certain mutual funds and not directly on behalf of the plaintiffs and a putative class of mutual fund investors. A synopsis of the supplemental authorities follows:

1. *In re Oppenheimer Funds Fees Litig.*, 419 F.Supp.2d 593 (S.D.N.Y. Mar. 10, 2006) (Tab 1A) and decision on reconsideration, ___ F.Supp.2d ___, 2006 WL 864574 (S.D.N.Y. Apr. 5, 2006) (Tab 1B)

    (a) On March 10, 2006, Judge Rakoff granted defendants' motions to dismiss all claims against all parties, except for a claim under § 36(b) of the ICA against the two investment adviser defendants. In particular, the Court dismissed with prejudice claims under §§ 34(b), 36(a) and 48(a) of the ICA, holding that there is no private right of action under those provisions of the ICA. *See* 419 F.Supp.2d at 595.

    (b) On March 28, 2006, plaintiffs in the present case submitted Judge Rakoff's March 10, 2006 opinion in *Oppenheimer* to this Court as supplemental authority. *See* Docket No. 125.

    (c) On April 5, 2006, Judge Rakoff, however, granted reconsideration of his March 10, 2006 ruling, reversed his prior decision denying dismissal of the § 36(b) claim, and dismissed the § 36(b) claim in its entirety on the ground that plaintiffs had failed to make any specific factual allegations that the fees charged by the investment adviser were

3

disproportionate to the services rendered. The Court dismissed the §36(b) claim with prejudice because plaintiffs in their "Second Amended Class Action Complaint, have had ample opportunity to adequately plead any such [§36(b)] allegations, if they could."

      (d)    Accordingly, in *Oppenheimer*, all claims have been dismissed with prejudice against all defendants.

    2.    *In re Evergreen Mutual Funds Fee Litig.*, ___ F.Supp.2d ___, 2006 WL 753000 (S.D.N.Y. Mar. 24, 2006) (Sweet, J.) (Tab 2)

      (a)    On March 24, 2006, Judge Sweet granted defendants' motions to dismiss all claims against all defendants.

      (b)    The Court held that there was no private right of action under §§ 34(b) and 36(a) of the ICA.

      (c)    The Court dismissed plaintiffs' § 36(b) claim for failure to sufficiently allege excessive investment advisory fees.

      (d)    The Court dismissed plaintiffs' claim under § 48(a) of the ICA because plaintiffs failed to state a cause of action for a primary violation under §§ 34(b), 36(a) or 36(b). The Court also stated that an alternative ground for dismissal of the § 48(a) claim was that there is no private right of action under § 48(a).[5]

    3.    *In re BlackRock Mutual Funds Fee Litig.*, No. 04-164, 2006 U.S. Dist. LEXIS 13846 (W.D. Pa. Mar. 29, 2006) (McVerry, J.) (Tab 3)

      (a)    On March 29, 2006, Judge McVerry dismissed all claims against all defendants.

      (b)    The Court dismissed plaintiffs' claims under §§ 34(b), 36(a) and 48(a) of the ICA with prejudice holding that there is no private right of action under those

---

[5] Plaintiffs have filed a motion to amend or alternatively set aside the judgment and for leave to file a second amended derivative complaint.

sections of the ICA. The Court also held that such claims should be dismissed because they were improperly asserted as direct rather than derivative claims and that, even if brought as derivative claims, plaintiffs had failed to make demand as required by Fed.R.Civ.P. 23.1 or to allege demand futility adequately.

(c) The Court dismissed plaintiffs' claim under § 36(b) of the ICA because it was improperly pled as a direct rather than a derivative claim. "[A] claim under section 36(b) is a derivative action and must be pled as a derivative action. Several other courts have reached the same conclusion." 2006 U.S. Dist. LEXIS 13846, *33 (citing cases).

4. *In re Dreyfus Mutual Funds Fee Litig.*, ___ F.Supp.2d ___, 2006 WL 909434 (W.D. Pa. Apr. 10, 2006) (Lancaster, J.) (Tab 4)

(a) On September 30, 2005, Judge Lancaster dismissed all of plaintiffs' claims except for the claims under §§ 36(b) and 48(a) of the ICA against certain defendants.

(b) Thereafter, defendants moved for judgment on the pleadings, and on April 7, 2006, the Court granted defendants' motion and entered judgment for defendants on the remaining claims under §§36(b) and 48(a).

(c) In entering judgment for defendants on the §36(b) claim, the Court held that the claim was derivative in nature and could not be asserted directly and as a class action claim. *In re Dreyfus Mutual Funds Fee Litig.*, 2006 WL 909434, *3 ("[t]he weight of recent authority examining the issue closely, has held, in accordance with Supreme Court precedent, that section 36(b) claims must be brought derivatively").[6]

---

[6] Plaintiffs have filed a motion to amend and/or set aside the judgment and for leave to file an amended pleading.

There is a completely consistent and overwhelming body of judicial authority – including the four supplemental authorities – dismissing claims identical to those asserted by plaintiffs in the present case. In light of this body of authority, and the arguments raised in defendants' previous memoranda of law, the Consolidated Amended Class Action Complaint should be dismissed with prejudice.

          Respectfully submitted,

          GOODWIN PROCTER LLP

          /s/ James S. Dittmar
          James S. Dittmar (BBO# 126320)
          Stuart M. Glass (BBO# 641466)
          Exchange Place
          53 State Street
          Boston, Massachusetts 02109
          Tel: (617) 570-1000

          MILBANK, TWEED, HADLEY &
           MCCLOY LLP
          James N. Benedict
          Sean M. Murphy
          C. Neil Gray
          Robert R. Miller
          One Chase Manhattan Plaza
          New York, New York 10005
          Tel: (212) 530-5000

*Attorneys for Defendants Fidelity Management & Research Company, FMR Co., Inc., FMR Corp., Fidelity Distributors Corporation, Edward C. Johnson 3d, Abigail P. Johnson, Peter S. Lynch, Laura B. Cronin, Robert L. Reynolds and Robert C. Pozen*

Dated: May 9, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATION AND CERTIFICATE OF SERVICE

I certify pursuant to Local Rule 7.1(A)(2) that counsel for defendants conferred with counsel for plaintiffs, on the matter set forth herein and plaintiffs assent to this motion.

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 9, 2006.

/s/ Stuart M. Glass