# EXHIBIT 1B

Case 1:04-cv-11600-NG    Document 127-3    Filed 05/09/2006    Page 1 of 4

2006 WL 864574
--- F.Supp.2d ----, 2006 WL 864574 (S.D.N.Y.)
(Cite as: 2006 WL 864574 (S.D.N.Y.))

H

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
In re OPPENHEIMER FUNDS FEES LITIGATION.
No. 04 Civ. 7022(JSR).

April 5, 2006.

Background: Current and former shareholders in mutual funds filed proposed class action alleging that investment advisory board and its affiliates, and trustees, directors, and officers common to funds breached fiduciary duties to shareholders under Investment Company Act (ICA), Investment Advisers Act (IAA), and state common law, and unjustly enriched themselves in violation of state law. Defendants moved to dismiss. The District Court, Rakoff, J., 2006 WL 592881, granted motion in part and denied it in part. Defendants moved for reconsideration.

Holding: The District Court, Jed S. Rakoff, J., held that claim that increases in advisory fees were excessive per se because they were added to create a slush fund to bribe brokers for the benefit of the adviser defendants and their affiliates was not actionable.
Motion granted, and count dismissed.

[1] Securities Regulation ⇌215

349Bk215
Claim by mutual fund shareholders that increases in advisory fees were excessive per se because they were added to create a slush fund to bribe brokers for the benefit of the adviser defendants and their affiliates was not actionable; no such per se rule existed, and the shareholders did not allege why the added amounts rendered the advisory fees, as an economic matter, disproportionate to the services rendered. Investment Company Act of 1940, § 36(b), 15 U.S.C.A. § 80a-35(b).

[2] Federal Civil Procedure ⇌1837.1
170Ak1837.1
Dismissal of mutual fund shareholders' count needed to be with prejudice where they had ample opportunity to adequately plead any allegations regarding excessive advisory fees.

Kim Elaine Levy, Milberg Weiss Bershad & Schulman LLP, New York, NY, for Stephen R. Alexander, Marilyn J. Irey, Richard M. Cross, Setsuko Tiffen, Francisco Tan, Dorothie Spector, Abraham Spector, Hugh Sharkey, Harry Richards, George Muehl, Donald Lopez, Randall Heyward, Delight Erickson, Bradley J. Leshyn, Barbara Pleener, Edwin Pennefather, Karol McClintock, George E. Klump, Victoria Ann Hendon, Marc D. Grobler and George R. Perry.

James Abram Harrod, III, Wolf Popper LLP, New York, NY, for Marc D. Grobler.

Gina Marie Rossettie, Samuel A. Gunsburg, William Kennedy Dodds, Dechert, LLP, New York, NY, for Oppenheimer Funds, Inc., Oppenheimer Funds Services, Oppenheimer Funds Distributor, Inc. and John V. Murphy.

Michael S. Doluisio, Dechert, LLP, Philadelphia, PA, for John V. Murphy.

John Matthew Conlon, Mayer, Brown, Rowe & Maw, LLP, New York, NY, for Rober G. Galli, Phillip A. Griffiths, Joel W. Motley, Kenneth A. Randall, Edward V. Regan, Russell S. Reynolds, Jr., Donald W. Spiro, Clayton K. Yeutter, James C. Swain, William L. Armstrong, Robert G. Avis, George C. Bowen, Edward L. Cameron, Jon S. Fossel, Sam Freedman, Beverly L. Hamilton, Robert J. Malone, F. William Marshall, Jr., Richard F. Grabish, Benjamin Lipstein, Elizabeth B. Moynihan, Thomas W. Courtney, Paul Y. Clinton, Lacy B. Herrmann, Brian Wruble, Ronald J. Abdow, Joseph M. Wikler, Peter I. Wold, Eustis Walcott and Oppenheimer Quest Value Fund.

Robert J. Ward, Mayer, Brown, Rowe & Maw, LLP, New York, NY, for Clayton K. Yeutter, Phillip A. Griffiths, Kenneth A. Randall, Edward V. Regan, Russell S. Reynolds, Jr., Donald W. Spiro, Robert G. Galli, Joel W. Motley, James C. Swain, William L. Armstrong, Robert G. Avis, George C. Bowen, Edward L. Cameron, Jon S. Fossel, Sam Freedman, Beverly L. Hamilton, Robert J. Malone, F. William Marshall, Jr., Richard F. Grabish, Benjamin Lipstein, Elizabeth B. Moynihan, Thomas W. Courtney, Paul Y. Clinton, Lacy B. Herrmann, Brian Wruble, Ronald J. Abdow, Joseph M. Wikler, Peter I. Wold, Eustis Walcott and Oppenheimer Quest Value Fund.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 864574
(Cite as: 2006 WL 864574 (S.D.N.Y.))

William Kennedy Dodds, Dechert, LLP, New York, NY, for Connie Bechtolt, Katherine P. Feld, Kathleen T. Ives, Denis R. Molleur, Philip Vottiero, Brian W. Wixted and Robert G. Zack.

*MEMORANDUM ORDER*

JED S. RAKOFF, District Judge.

*1 This document relates to: All Actions.

By Memorandum Order dated March 10, 2006, the Court dismissed all the claims and defendants in this case *except* plaintiffs' claim that Oppenheimer Funds, Inc. and Oppenheimer Funds Services (collectively, the "Adviser Defendants") violated § 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b), by charging excessive fees to various Oppenheimer Funds, of some of which plaintiffs are shareholders. The Adviser Defendants now move for reconsideration on the ground, *inter alia,* that the Court's conclusion that paragraph 220 of the Second Consolidated Amended Class Action Complaint (the "Complaint") made out such a claim overlooked the fact that the theory of why the fees were "excessive," as alleged in that paragraph, was not one permitted by law.

[1][2] The briefing of the instant motion, and, more particularly, oral argument of the motion for reconsideration held on March 29, 2006, have now made clear that, even though paragraph 220 of the Complaint alleges that the advisory fees were "excessive," the only theory of excessiveness alleged in that paragraph posits an unusual meaning of that word: specifically, plaintiffs contend that increases in advisory fees that are added, not for the purpose of benefitting the Funds, but in order (as alleged) to create a slush fund to bribe brokers for the benefit of the Adviser Defendants and their affiliates, are "excessive" *per se. See* transcript, 3/29/06, at 23-25. But § 36(b) creates no such *per se* rule. Rather, as elucidated by the Court of Appeals in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.,* 694 F.2d 923 (2d Cir.1982), the test is basically an economic one, *i.e.,* that the fees charged must be materially disproportionate to the services rendered. *Id.* at 928. Plaintiffs' failure to make any specific factual allegations as to why the added amounts render the advisory fees, as an economic matter, disproportionate to the services rendered is fatal to the claim set forth in paragraph 220, which therefore must be dismissed. *See, e.g., Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir.2002). [FN1] Further, the dismissal must be with prejudice because plaintiffs, in what is, as noted, a Second Consolidated Amended Class Action Complaint, have had ample opportunity to adequately plead any such allegations, if they could.

Accordingly, upon reconsideration, the Court hereby dismisses count 3 with prejudice. As a consequence, the Clerk is directed to close docket document number 65 and enter judgment dismissing the entire complaint with prejudice.

SO ORDERED.

FN1. Although plaintiffs, at oral argument, sought to overcome this deficiency by reference to paragraph 150 of the Complaint, where it is alleged that the Adviser Defendants did not pass on to the Funds certain economies of scale that they purportedly realized, these allegations were not made in the context of the claim advanced in paragraph 220 and, in any case, are belied by the underlying public documents implicitly referenced in paragraph 150, of which the Court may take notice on this motion. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-53 (2d Cir.2002); *see also* transcript, 3/29/06, at 6-8.

--- F.Supp.2d ----, 2006 WL 864574 (S.D.N.Y.)

Motions, Pleadings and Filings (Back to top)

. 2006 WL 1098433T1 (Trial Pleading) Answer and Affirmative Defenses of Defendants Oppenheimerfunds. Inc. and Oppenheimerfunds Services (Mar. 24, 2006)

. 2006 WL 1131477T1 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to The Adviser Defendants' Motion for Recosideration of The Denial of their Motion to Dismiss Plaintiffs Section 36(b) Claim And/Or Alternatively for Certification Pursuant to 28 U.S.C.s 1292(b) And/Or to Stay The Proceedings Pending Appeal (Mar. 24, 2006)

. 2006 WL 1131475T1 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of the Motion by the Adviser Defendants for Reconsideration of the Denial of their Motion to Dismiss Plaintiffs' Section 36(b) Claim and/or Alternatively for Certification Pursuant to 28 U.S.C. s 1292(b) and/or to Stay the Proce edings Pending Appeal (Mar. 20, 2006)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 864574
(Cite as: 2006 WL 864574, *1 (S.D.N.Y.))

. 1:04cv07022 (Docket) (Aug. 31, 2004)

END OF DOCUMENT

Case 1:04-cv-11600-NG Document 127-3 Filed 05/09/2006 Page 4 of 4

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.