# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 04cv11600 (NG) (MBB)<br><br>**Consolidated Case Nos.:**<br><br>04cv11642<br>04cv11709<br>04cv11735<br>04cv11812 |

### PLAINTIFFS' ASSENTED-TO MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiffs respectfully move this Court for leave to submit the Transcript of the April 4, 2006 hearing ("Transcript") in *Forsythe v. Sun Life Financial, Inc.*, No. 04-10584 (D. Mass.) ("*Forsythe*")[1]. The Transcript is attached hereto as Exhibit A. At that hearing, Judge O'Toole issued an opinion from the bench which is relevant to the issue before this Court on the Defendants' Motions to Dismiss. See Transcript at pp 36-40. Judge O'Toole's ruling at the April 4, 2006 hearing further supports Plaintiffs' claim under Section 36(b) of the Investment Company Act ("Section 36(b)") in this case.

As part of his ruling denying the defendants' motions to certify an interlocutory appeal and/or for a stay of discovery, Judge O'Toole, citing *Conley v. Gibson*, 355 U.S. 41 (1957), stated that a motion to dismiss should be granted only when there is no set of facts consistent with the allegations of the complaint entitling the plaintiff to relief. Applying this pleading

---

[1] This transcript was electronically submitted to Plaintiffs' Liaison Counsel, Nancy Freeman Gans, on May 2, 2006 and was filed on the *Forsythe* docket on May 8, 2006.

- 1 -

principle to Section 36(b), Judge O'Toole found that Section 36(b) creates "the [fiduciary] duty and then gives a cause of action for breach" but that the statute was "no more defining than that." Transcript at 37. To this end, Judge O'Toole explained that while other opinions have assumed "that the Gartenberg case describes the elements of the [Section 36(b)] cause of action," he "d[id] not regard the content of a 36(b) action to be defined by Gartenberg either, let alone any other theory" and reiterated that the *Gartenberg* standard was not the law of the First Circuit. *Id.* at 38.

Wherefore, Plaintiffs respectfully request leave to submit the *Forsythe* hearing Transcript in support of their pending Opposition to Defendants' Motions to Dismiss.

Dated: May 15, 2006

Respectfully submitted,
**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
    Nancy Freeman Gans (BBO #184540)
55 Cleveland Road
Wellesley, MA 02481
(781) 235-2246

*Liaison Counsel for Plaintiffs*

**MILBERG WEISS BERSHAD
  & SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
One Pennsylvania Plaza
New York, NY  10119-0165
(212) 594-5300

**STULL, STULL & BRODY**
Jules Brody
Mark Levine
6 East 45th Street
New York, NY  10017
(212) 687-7230

- 3 -

**SCOTT + SCOTT, LLC**
Arthur L. Shingler, III
600 B Street, Suite 1500
San Diego, CA  92101
(619) 233-4565

*Tri-Lead Counsel for Plaintiffs*

**LOCAL RULE 7.1 CERTIFICATE**

    I, Nancy Freeman Gans, hereby certify that on May 9, 2006, I conferred by telephone with James Dittmar, Esq., Goodwin Proctor LLP, counsel for the Fidelity Defendants, who assented to this motion on behalf of all defendants.

                                  /s/ Nancy Freeman Gans_____
                                  Nancy Freeman Gans

**CERTIFICATE OF SERVICE**

    I, Janine L. Pollack, hereby certify that I served a copy of the foregoing document upon counsel for all parties by mailing a copy of the same, postage prepaid, to each attorney of record, this 15th day of May, 2006.

                                  /s/ Janine L. Pollack_____
                                  Janine L. Pollack